■ In the Matter of LESLIE SHEAVLIER, Appellant, v DAVID MELENDREZ, Respondent. [744 NYS2d 264] —Spain, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered May 31, 2001, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent are the parents of a daughter born December 28, 1997. A consent order entered December 7, 2000 in Family Court provided that petitioner continue to have sole custody of the child, with weekly visitation to respondent from 9:00 A.M. on Sunday to 9:00 A.M. on Monday at the home of his mother, the visitation to be supervised by his mother or sister. The order also provided respondent the right to contact the child daily by telephone between 6:00 A.M. to 8:00 A.M., with

petitioner retaining the right to deny certain phone calls for "reasonable reasons" and further provided respondent the right to have additional visits—including unsupervised visits—as agreed by the parties.

In January 2001, petitioner filed a petition in Family Court alleging that respondent violated the order in that he calls outside the stated hours, upsets the child, calls almost daily and harasses petitioner. Thereafter, respondent filed a violation petition alleging that petitioner had unilaterally terminated his telephone access to the child. On the same day, petitioner filed a modification petition alleging that respondent was continuously abusing alcohol or drugs and seeking, inter alia, that respondent's visitation be terminated.

Following a fact-finding hearing at which petitioner, respondent and respondent's sister testified, Family Court dismissed petitioner's violation petition based on insufficient evidence. Finding that the evidence established that petitioner violated the custody order by unilaterally terminating respondent's telephone access to the child, Family Court sanctioned petitioner merely by explaining that she cannot unilaterally deny respondent his visitation rights, but must come back to court with her complaints. Family Court also denied petitioner's request to terminate respondent's visitation, choosing instead to modify the existing visitation order by, inter alia, reducing respondent's visitation to two hours a week to be supervised by his sister and ordering that he not consume alcohol or drugs before or during visitation. Respondent was also ordered to undergo a chemical dependency evaluation—as previously ordered—and to follow the recommended treatment. The existing order of protection was also modified, terminating respondent's telephone access to the child. Petitioner appeals.

We affirm. "The denial of visitation to a noncustodial parent is a drastic remedy which may be ordered only in the presence of compelling reasons and substantial evidence that such visitations are detrimental to the child's welfare * * *" (*Matter of McCauliffe v Peace*, 176 AD2d 382, 383-384 [citations omitted]; *see, Matter of Rogowski v Rogowski*, 251 AD2d 827; *Matter of Rhynes v Rhynes*, 242 AD2d 943). Recognizing "Family Court's unique opportunity to assess the credibility of the witnesses and observe their demeanor" (*Matter of Hardy v Short*, 244 AD2d 669, 670), we generally accord great deference to its factual findings which will only be disturbed if they lack a sound and substantial basis in the record (*see, Matter of Russo v Russo*, 257 AD2d 926, 927).

Here, the record fully supports Family Court's findings and

its decision to craft a more workable visitation order taking into consideration the circumstances of this case. Testimony at the hearing demonstrated that the existing order was not working in part due to the hostility between the parties, but primarily due to respondent's substance abuse which he failed to address despite a previous court order. By reducing respondent's access to the child and ordering drug treatment rather than completely terminating his visitation at the present time, it appears that the court has given respondent one last opportunity to prove himself. Petitioner's remaining contention—that her unilateral termination of respondent's telephone access was not a violation of the order—is without merit, there being ample evidence in the record to support Family Court's findings.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.