Crew III, J.E
Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered October 4, 2002, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent’s child to be permanently neglected, and terminated respondent’s parental rights.
In July 1998, petitioner removed respondent’s son (born in 1991) from her care based upon the child’s allegation that he had been sexually abused by his maternal uncle and respondent’s failure to appropriately respond to that disclosure. Following certain intervening proceedings (see Matter of Catherine MM. v Ulster County Dept. of Social Servs., 293 AD2d 778 [2002] ), petitioner commenced this proceeding seeking to terminate respondent’s parental rights. At the conclusion of the ensuing fact-finding and dispositional hearings, Family Court, in two lengthy, detailed and well-reasoned decisions, concluded that respondent indeed had permanently neglected her son by failing to, inter alia, acknowledge her role in the circumstances that led to her child’s removal from her home in the first instance and, further, that termination of respondent’s parental rights was in the child’s best interest. Respondent now appeals.
We affirm. Contrary to respondent’s assertion, the record demonstrates, by clear and convincing evidence (see Matter of Karina U., 299 AD2d 772 [2002], lv denied 100 NY2d 501 [2003] ), that petitioner exercised the requisite diligent efforts by providing respondent with a host of services designed to foster a positive relationship between respondent and the child, address the very issue that led to the child’s removal from *825 respondent’s home initially and overcome the obstacles standing in the way of the child’s return to her care and custody. These services, which plainly were tailored to address respondent’s and the child’s particular needs, included arranging individual psychotherapy for respondent, facilitating her involvement in her child’s therapy, providing various parenting services (such as a parent educator, parenting classes and a parents’ support group), scheduling, supervising and providing transportation for visitations between respondent and her son, assisting respondent in finding employment and potentially relocating and providing ongoing caseworker services and periodic updates of the child’s progress. In addition, the record reflects numerous instances where, when it became apparent that respondent’s efforts were falling short in a particular area (such as her interactions with her child during visitations), petitioner would remind respondent of the expectations imposed upon her and attempt to assist respondent in refocusing her energy and correcting her behavior. In short, this is not a case where the petitioning agency made only a marginal attempt to offer the barest of services to a parent in danger of losing his or her child. Petitioner provided detailed, appropriate and ongoing services to respondent and, in so doing, afforded respondent every opportunity to regain custody of her son.
As for respondent’s efforts in this regard, the record reflects that respondent indeed participated in and cooperated with the programs and services offered by petitioner, attended service plan reviews and all of the scheduled visitations and experienced some improvement in her interactions with her son. The record also reflects, however, that respondent made only marginal progress overall by, inter alia, inconsistently applying the knowledge and benefits she obtained from the services provided, arguing with various service providers and professionals, acting inappropriately in the child’s presence, degrading the foster parents and interfering with their role as such, refusing to accept the reality that she was the parent of a special needs child (believing instead that the child’s problems would magically disappear if he simply were returned to her home), demonstrating an inability to control her anger at “the system” and refusing to acknowledge that she bore any responsibility for the child’s removal from her home. Under these circumstances, there is more than ample support for Family Court’s conclusion that respondent failed to articulate a realistic plan for the child’s return. Accordingly, we have no quarrel with Family Court’s finding that respondent permanently neglected her son.
We are similarly persuaded that termination of respondent’s *826 parental rights was in the child’s best interest. Despite the progress made by respondent, her conduct during her visitations with the child precluded such visitations progressing beyond the supervised level. Suffice to say, if a parent cannot display sufficiently appropriate conduct to enjoy unsupervised periods of time with a child, no court can seriously contemplate granting that parent custody. To the extent that respondent argues that a suspended judgment would have been a more appropriate disposition, the record completely supports Family Court’s conclusion that further efforts to foster a relationship between respondent and her son would be futile. Given the length of time the child has been in foster care, the lack of significant progress on respondent’s part and the demonstrated need for the child to have some sense of permanency, termination of respondent’s parental rights was entirely proper.
Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.