In the Matter of JOSHUA BB. and Others, Children Alleged to be Permanently Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARYL BB., Appellant. [811 NYS2d 178]—

Spain, J. Appeal from an order of the Family Court of Madison County (DiStefano, J.), entered May 20, 2005, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to terminate respondent's parental rights.

In February 2002, petitioner filed a neglect petition against respondent and the mother of the children (twin sons born in 2001), and the children were temporarily removed. After a fact-finding hearing, Family Court made a finding of neglect and

thereafter ordered, among other things, that the children be placed temporarily with petitioner and that respondent submit to a substance abuse evaluation. The twins remained in foster care until the summer of 2003 when they were conditionally returned to the custody of respondent; the newest child of respondent and the mother (another boy born in 2002) was also returned to respondent following his removal from the mother's care. Later that summer, the 2002 dispositional order of supervision was modified and extended for one year with respondent's consent. Among the additional conditions of the extension order were that respondent permit announced and unannounced visits by petitioner, submit to random substance abuse screening and not smoke anything or permit anyone to smoke in the residence or presence of the three children.

In February 2004, respondent was named in a second neglect petition filed by petitioner. The three infant children were removed and returned, temporarily, to the custody of petitioner with respondent's consent, and an order of protection was issued permitting respondent only supervised visits. At an August 2004 hearing, respondent was again found to have neglected the children after admitting to using marihuana throughout the period the children were in his care and custody in violation of the dispositional orders, thereby placing the children at risk. A new dispositional order directed that the children remain in placement, that respondent submit to random substance abuse screens, that he have only supervised visits with the children, and that he complete a substance abuse evaluation and follow all treatment recommendations.

The children continued in foster care until February 2005, when petitioner filed permanent neglect petitions against respondent and the mother alleging—as to respondent—his failure to comply with prior orders. Following a fact-finding hearing, the children were found to be permanently neglected due to respondent's history of substance abuse and his failure to adequately address it, his failure to maintain a safe and appropriate home, his failure to complete classes and programs required by Family Court or recommended by petitioner, and his failure to maintain consistent contact with the children. The mother was also found to have permanently neglected the children. Thereafter, a dispositional hearing was held at which respondent requested that Family Court grant him a suspended judgment for four months in order for him to pursue a drug treatment and rehabilitation program. Family Court refused respondent's request and, instead, ordered termination of the parental rights of both respondent and the mother. Respondent appeals.

Respondent's sole contention in this appeal is that Family Court abused its discretion when it refused, in its dispositional order, to grant him a suspended judgment. Notably, Family Court's determination is generally accorded great deference due to its opportunity to assess the credibility and demeanor of witnesses, and "its factual findings . . . will only be disturbed if they lack a sound and substantial basis in the record" (*Matter of Sheavlier v Melendrez*, 296 AD2d 622, 623 [2002]; *see Matter of Jeremiah BB.*, 11 AD3d 763, 766 [2004]; *Matter of Thelonius BB.*, 299 AD2d 775, 776 [2002]). The Legislature created the option of a suspended judgment in a termination proceeding so as to allow "a brief grace period designed to prepare the parent to be reunited with the child" should such a "second chance . . . [be] in the child's best interests" (*Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *see* Family Ct Act § 631; *Matter of James E.*, 17 AD3d 871, 873 [2005]). The best interests of the child are the sole basis for the granting of a suspended judgment and there is "no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631; *see Matter of Jeremiah BB., supra* at 766; *Matter of Thelonius BB., supra* at 776).

Here, all three children—the oldest of which, the twins, are almost five years of age—have spent most of their lives in foster care. Respondent has a history of drug abuse and addiction leading up to and throughout the history of these proceedings, along with multiple failed or refused drug tests and a number of failed or incomplete attempts at treatment (*see Matter of Thelonius BB., supra* at 776-777). The record reflects that respondent checked himself into an inpatient addiction crisis center a week before the commencement of the dispositional hearing and was awaiting a referral to a program, but did not know when or if it would be forthcoming or how long the treatment would take. He requested the suspended judgment in order to address a problem he has failed to address for more than four years. In our view, respondent's eleventh hour request came too late and we find no error in Family Court's denial of his request for yet another chance. Moreover, while there appears to have been a few positive interactions between respondent and his children, ample recent evidence exists of a breakdown in the consistency of his visits with them. It is clear that the Court's determination was sound and had a "substantial basis in the record" (*Matter of Sheavlier v Melendrez, supra* at 623; *see Matter of Jeremiah BB., supra* at 766; *Matter of Thelonius BB., supra* at 776-777) and was in the children's best interests.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.