In the Matter of ARIANNA OO., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISETTE OO., Appellant. [814 NYS2d 779]—

Cardona, P.J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered September 29, 2005, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Petitioner commenced a neglect proceeding against respondent in March 2003 due to two incidents earlier that year. The first incident involved a domestic dispute between respondent and her daughter (born in 1993) which resulted in the child calling 911 for assistance. Police responding to the scene found respondent to be agitated and highly intoxicated. The child was taken to the home of a friend in order to diffuse the situation. The second incident involved respondent's arrest for driving while intoxicated and child endangerment after she lost control of her vehicle and struck a tree. The child was in the car at the time of the accident and it was later determined that respondent had a blood alcohol content over twice the legal limit. Later that night, the child was placed in foster care, where she has remained to date.

On the basis of the aforementioned incidents, Family Court adjudicated respondent's child to be neglected in April 2004. Petitioner commenced this proceeding in June 2004 alleging that the child had been in petitioner's custody for over one year and respondent failed to plan for the future of her child, although physically able to do so (see Social Services Law § 384-b [4] [d]; [7] [a]). Following respondent's admissions to the allegations in the petition, Family Court ultimately determined that the child was permanently neglected and terminated respondent's parental rights.

We do not agree with respondent's position that Family Court erred in entering an order terminating her parental rights (see Family Ct Act § 631 [c]; § 634) as opposed to suspending judgment (see Family Ct Act § 631 [b]; § 633). "At a dispositional hearing, Family Court's only concern is the best interest of the

child, and there is no presumption that return to a parent is in the child's best interest" (*Matter of Brandon OO.*, 302 AD2d 807, 807 [2003]; *accord Matter of Jeremiah BB.*, 11 AD3d 763, 766 [2004]; *see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Here, the evidence at the dispositional hearing established that respondent had been largely noncompliant with petitioner's service plan, notwithstanding petitioner's diligence in offering various alternatives to address respondent's treatment needs (*see Matter of Joshua BB.*, 27 AD3d 867, 868-869 [2006]; *Matter of Jeremiah BB., supra* at 766). We further note that the child has expressed a desire to be adopted by her foster family and the child's therapist testified that she is thriving in that environment and would benefit further from permanent resolution of her living situation (*see Matter of Karina U.*, 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]). Thus, according deference to Family Court's choice of dispositional alternatives (*see Matter of Joshua BB., supra* at 869; *Matter of Thelonius BB.*, 299 AD2d 775, 776 [2002]), and considering all of the circumstances herein, we conclude that the court's decision "was sound and had a 'substantial basis in the record' " (*Matter of Joshua BB., supra* at 869, quoting *Matter of Sheavlier v Melendrez*, 296 AD2d 622, 623 [2002]).

Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.