██ In the Matter of RAINE QQ., a Child Alleged to be Permanently Neglected. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARIKA QQ., Appellant. [857 NYS2d 333]——

Kane, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered July 18, 2007, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent's son (born in 1993) was removed from her care in 2002. Family Court twice adjudicated the child neglected due to her alcohol abuse while she was caring for the child. In 2006, petitioner filed a petition seeking to terminate respondent's parental rights based upon permanent neglect. Following a fact-finding hearing, the court determined that respondent permanently neglected her son. After a dispositional hearing, the court terminated her parental rights and freed the child for adoption. Respondent appeals, addressing only the disposition.

Family Court did not err in terminating respondent's parental rights rather than imposing a suspended judgment. The disposition following a determination of permanent neglect must be based solely on the best interests of the child, with no presumption that a return to the parent promotes those interests (see Family Ct Act § 631; Matter of James X., 37 AD3d 1003, 1007 [2007]; Matter of Arianna OO., 29 AD3d 1117, 1117-1118 [2006]). Here, granting deference to the court's choice of dispositional alternatives, the child's interests would not be served by giving respondent the second chance provided under a suspended judgment (see Matter of James X., 37 AD3d at 1007; Matter of Joshua BB., 27 AD3d 867, 869 [2006]). Although respondent remained sober at the time of the hearings and was improving her life, she had numerous chances to redeem herself

in the more than four years while her child was removed from her care. Each time she progressed to supervised and unsupervised visitation, she relapsed by consuming alcohol while she was caring for the child. She violated conditions of drug court more than once, resulting in her incarceration. Meanwhile, the child was thriving in foster care. Although the child's foster parent was not willing to adopt him (*compare Matter of Jayde M.*, 36 AD3d 1168, 1169-1170 [2007], *lv denied* 8 NY3d 809 [2007]; *Matter of Raena O.*, 31 AD3d 946, 948 [2006]), the child was informed about and "okay" with the idea of being adopted (*compare Matter of Shakima Renee M.*, 43 AD3d 343, 344 [2007]). Freeing the child for adoption provided him with prospects for permanency and some sense of the stability he deserved, rather than the perpetual limbo caused by unfulfilled hopes of returning to respondent's care. Accordingly, termination of respondent's parental rights was appropriate.

Finally, because respondent's parental rights were terminated following an adversarial proceeding resulting in a finding of permanent neglect, not as part of a voluntary surrender, Family Court lacked the authority to order posttermination visitation (*see Matter of Melissa DD.*, 45 AD3d 1219, 1221-1222 [2007], *lv denied* 10 NY3d 701 [2008]; *Matter of James X.*, 37 AD3d at 1007; *Matter of Jessi W.*, 20 AD3d 620, 621 [2005]).

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.