■ In the Matter of ANGELICA VV. and Others, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELIQUE VV., Appellant. [861 NYS2d 187]—

Cardona, P.J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered October 9, 2007, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of five children: Myra VV. (born in 1990), Dashawn VV. (born in 1995), Nazayah VV. (born in 1995), Dawn VV. (born in 1998) and Angelica VV. (born in 1999), who were removed from her care in March 2005. In July 2005, respondent was found to have neglected her children and was ordered to, among other things, obtain substance abuse treatment to facilitate the return of the children to her. In October 2006, petitioner commenced this permanent neglect proceeding,

as well as two other proceedings alleging respondent's violation of orders of disposition. Thereafter, several of respondent's siblings filed custody and modification of custody petitions, all of which were dismissed by Family Court. Following a March 2007 fact-finding hearing, at which respondent admitted that, among other things, she refused to submit to drug testing and substance abuse treatment, Family Court adjudicated the children to be permanently neglected. At the conclusion of the dispositional hearing, which took place over a six-month period, Family Court terminated respondent's parental rights and freed all five children for adoption. Respondent appeals from the order of disposition.

Initially, to the extent that respondent is challenging the dismissal of the various custody petitions filed by her siblings, said arguments are not properly before this Court. Those petitions are not the subject of this appeal and are unrelated to the dispositional order, which terminated respondent's parental rights (*see Matter of Andrew Z.*, 41 AD3d 912, 913 [2007]; *see also Matter of Vivian OO.*, 33 AD3d 1096 [2006]).

Next, we do not find error in Family Court's decision to terminate respondent's parental rights rather than imposing a suspended judgment. Following an adjudication of permanent neglect, the sole concern at a dispositional hearing is the best interests of the child and there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests (*see* Family Ct Act § 631; *Matter of Raine QQ.*, 51 AD3d 1106 [2008]; *Matter of Arianna OO.*, 29 AD3d 1117, 1117-1118 [2006]). Here, the record establishes that respondent proved unwilling to address her substance abuse problem, making little effort to begin a treatment program in accordance with petitioner's permanency plan and proffered assistance over the 2½-year period since the children had been removed from her care. In fact, respondent stated during the dispositional hearing that she continues to smoke marihuana on a weekly basis and does not feel that she has a drug abuse problem. Giving deference to Family Court's decision in reference to dispositional alternatives, we conclude that given the lack of meaningful steps taken by respondent to provide a safe home for the children, there is a sound and substantial basis in the record for Family Court's decision that the children's best interests would be served by terminating respondent's parental rights (*see Matter of Raine QQ.*, 51 AD3d at 1106-1107; *Matter of Arianna OO.*, 29 AD3d at 1118; *Matter of Joshua BB.*, 27 AD3d 867, 869 [2006]).

Based upon this record, we are also unpersuaded by respon-

dent's contention that counsel's failure to call her siblings as witnesses during the proceedings deprived her of meaningful representation (*see Matter of Keyanna AA.*, 35 AD3d 1079, 1081 [2006]; *Matter of John KK.*, 34 AD3d 1050, 1051 [2006]; *Matter of Nicholas GG.*, 285 AD2d 678, 679-680 [2001]).

We have considered respondent's remaining contentions, including her argument with respect to Social Services Law § 384-b (11), and find them to be unpersuasive.

Peters, Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.