In the Matter of NEVAEH SS. and Others, Children Alleged to be Permanently Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. VALERIE L., Appellant. (Proceeding No. 1.) In the Matter of NEVAEH SS. and Another, Children Alleged to be Permanently Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES SS., Appellant. (Proceeding No. 2.) [889 NYS2d 764]—

Mercure, J.P. 

---

**3.** Each test was negative.

Respondent Valerie L. (hereinafter the mother) is the mother of Misty UU. (born in 1996). The mother and respondent James SS. (hereinafter the father) are also the parents of Nevaeh SS. and Joshua SS. (born in 2005 and 1999, respectively). Respondents were repeatedly found to have neglected the subject children, as well as their older siblings, and have received services over many years. Ultimately, the subject children were removed from the home in May 2006. Since that time, Nevaeh has resided with a foster family, while Misty and Joshua have resided in group homes.

In 2008, petitioner commenced these two proceedings and, following fact-finding and dispositional hearings, Family Court determined that the children were permanently neglected and terminated respondents' parental rights. Respondents appeal, challenging only the dispositional orders. Specifically, the mother argues that Family Court erred in denying her application for a suspended judgment, and the father asserts that the court erred in terminating his rights with respect to Joshua. We disagree.

Turning first to the mother's claim, we note that "[t]he Legislature created the option of a suspended judgment in a termination proceeding so as to allow 'a brief grace period designed to prepare the parent to be reunited with the child' should such a 'second chance . . . [be] in the child's best interests' " (*Matter of Joshua BB.*, 27 AD3d 867, 869 [2006], quoting *Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *see* Family Ct Act § 631). Nevertheless, upon a finding of permanent neglect, "there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests" (*Matter of Angelica VV.*, 53 AD3d 732, 733 [2008]; *see Matter of Joshua BB.*, 27 AD3d at 869).

Here, although the mother had successfully completed one drug rehabilitation program and remained compliant with another, she had been in treatment for only three months at the time of the dispositional hearing despite a history of using cocaine and receiving services from petitioner for the past 12 years. Indeed, there was evidence that the mother continued to relapse while in treatment shortly before the filing of the permanent neglect petition. In addition, the mother stated her intention to return to the father's home despite his untreated

cocaine addiction, and she continued to deny that the father had a drug problem. Moreover, it is undisputed that Nevaeh is in a preadoptive foster home, and the other children thrived in their respective placements during the period that respondents had limited contact. In light of this evidence and according deference to Family Court's determination given its opportunity to assess the demeanor and credibility of the witnesses, we cannot say that the court abused its discretion in terminating the mother's parental rights rather than granting a suspended judgment (*see Matter of Carlos R.*, 63 AD3d 1243, 1246 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of Laelani B.*, 59 AD3d 880, 882 [2009]; *Matter of Angelica VV.*, 53 AD3d at 733; *Matter of Joshua BB.*, 27 AD3d at 869).

Similarly, we reject the father's argument that Family Court erred in terminating his parental rights with respect to Joshua because he is unlikely to be adopted. First, Joshua's Law Guardian indicates that since the time of the dispositional hearing, Joshua has been matched with a preadoptive family, undercutting the main premise of the father's argument. In any event, the father has refused to address his substance abuse problems, engage in meaningful treatment to any extent or exercise consistent visitation with Joshua. Accordingly, termination of his parental rights to Joshua was proper here (*see Matter of Angelica VV.*, 53 AD3d at 733; *Matter of Raine QQ.*, 51 AD3d 1106, 1106-1107 [2008], *lv denied* 10 NY3d 717 [2008]; *cf. Matter of Amber AA.*, 301 AD2d 694, 697-698 [2003]).

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.