In the Matter of KAYLA KK., a Child Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TRACY LL., Appellant. [889 NYS2d 773]—

Kavanagh, J.

Petitioner filed an emergency petition seeking the removal of Kayla KK. from respondent's care soon after she had given birth to Kayla in 2007 on the grounds that a prior finding had been entered that respondent had neglected another daughter and that respondent continued to remain in an abusive relation-

ship with Kayla's father.[1] More than one year after Kayla was removed from respondent's care and placed with petitioner, this proceeding was commenced alleging that Kayla was a permanently neglected child and that the parental rights of respondent and Kayla's father should be terminated.[2] After a fact-finding hearing, Family Court adjudicated Kayla to be a permanently neglected child and, at the conclusion of the dispositional hearing that followed, terminated respondent's parental rights. Respondent now appeals and we affirm.

Respondent does not dispute the finding that she permanently neglected Kayla. Her only contention is that Family Court, instead of immediately terminating her parental rights, should have issued a suspended judgment to give her another opportunity to develop her parental skills so that she could ultimately be reunited with Kayla. A suspended judgment may be issued if it is in the best interests of the child to allow the parent additional time to improve parenting skills and demonstrate his or her fitness to care for the child (*see* Family Ct Act § 631 [b]; *Matter of Carlos R.*, 63 AD3d 1243, 1246 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of Faith R.*, 56 AD3d 982, 984 [2008]; *Matter of Isaiah F.*, 55 AD3d 1004, 1006 [2008]; *Matter of Angelica VV.*, 53 AD3d 732, 733 [2008]; *Matter of Raine QQ.*, 51 AD3d 1106, 1106-1107 [2008], *lv denied* 10 NY3d 717 [2008]; *Matter of Joshua BB.*, 27 AD3d 867, 869 [2006]). Here, although regularly visiting and interacting appropriately with Kayla while she was in petitioner's charge, respondent has not, as found by Family Court, made measurable progress in addressing the parental deficiencies that put Kayla at risk and led to the child's removal from her care. In fact, as Family Court aptly noted, there was simply no indication from the evidence presented during the hearings that respondent could ever "cope with day-to-day parenting." In that regard, during the two years that Kayla has been in petitioner's care, respondent, despite being provided with a myriad of services designed to address the difficulties that she routinely encountered as a parent, has made little appreciable progress in developing or improving her skills as a parent. In addition, her residence has often been found to be in an unsanitary condition due, in part, to respondent's failure to properly care for pets that she insists on keeping on the premises. The apartment, as a result, is often in such a state of disarray that it is not a suitable abode for a young child.

---

1. Respondent has four children: three daughters, the oldest of whom was previously freed for adoption, and a son, who now lives with his paternal grandparents.

2. Kayla's father voluntarily surrendered his parental rights on July 14, 2008.

As important, respondent continued to have contact with Kayla's father and allowed him to live in her apartment even though he has a history of engaging in abusive and assaultive behavior. Respondent's insistence on maintaining this relationship is even more disturbing given the repeated warnings she has received that such contact could jeopardize any possibility she might have to be reunited with her child. Finally, it is impossible in the context of this proceeding to ignore the fact that Kayla, by all accounts, appears to be thriving in the care of her foster family, who has expressed an interest in adopting her. For these reasons, we are of the view that Family Court's determination that termination of respondent's parental rights was in Kayla's best interests has a sound and substantial basis (*see Matter of Laelani B.*, 59 AD3d 880, 882 [2009]; *Matter of Angelica VV.*, 53 AD3d at 733; *Matter of George M.*, 48 AD3d 926, 929 [2008]; *Matter of Jayde M.*, 36 AD3d 1168, 1170 [2007], *lv denied* 8 NY3d 809 [2007]; *Matter of Joshua BB.*, 27 AD3d at 869).

Peters, J.P., Rose, Kane and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.