■ In the Matter of KEEGAN JJ., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMANDA JJ., Appellant. [898 NYS2d 312]—

Kavanagh, J. Appeals from two orders of the Family Court of Cortland County (Campbell, J.), entered May 20, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent's son (born in 2007) was removed from her care pursuant to Family Ct Act § 1027 when he was two months old and placed with his maternal great aunt after reports had been received by the State Central Registry that the child had been

repeatedly exposed to violent physical altercations between respondent and male acquaintances that often required the intervention of the police.[1] After a neglect petition was filed respondent, without admitting any wrongdoing, consented to the entry of a finding of neglect (see Family Ct Act § 1051 [a]), as well as a dispositional order that continued the child in the aunt's care. In order to regain custody of her son, the dispositional order, entered in February 2008, required respondent to, among other things, meet regularly with her caseworker, keep the caseworker advised of her current address, participate in and complete various programing, maintain a safe and stable household for at least six months and "[w]ork toward full employment so that she [could] provide herself and the child with basic necessities."

In January 2009, petitioner commenced this proceeding alleging that respondent had failed to comply with many of the conditions contained in the dispositional order and, as a result, had permanently neglected her child (see Social Services Law § 384-b). After conducting a fact-finding hearing, Family Court found that respondent, despite petitioner's diligent efforts to reunite her with her child, had failed to fully cooperate in the preparation of a plan for the child's future. A dispositional hearing was held and Family Court determined that the child's best interests required that respondent's parental rights be terminated. Respondent now appeals.

Initially, respondent argues that Family Court's determination that she failed to plan for her child's future is not supported by the record (see Social Services Law § 384-b [7] [c]). We disagree. Petitioner established during the fact-finding hearing that despite its diligent efforts to strengthen the parent-child relationship,[2] respondent persistently failed to "participate in plans for the child's future for the statutorily established period" (Matter of Kaytlin TT., 61 AD3d 1085, 1086 [2009], lv denied 13 NY3d 709 [2009]; see Matter of Anastasia FF., 66 AD3d 1185,

---

1. One report claimed that respondent, in violation of an order of protection, allowed a man in her home who had threatened her with a knife. In another, it was claimed that respondent had sustained a concussion as the result of being assaulted by a male acquaintance.

2. Respondent has not taken issue on this appeal with Family Court's determination that petitioner made diligent efforts to strengthen her relationship with the child (see Social Services Law § 384-b [7] [a]). In that regard, we agree with Family Court that petitioner established, by clear and convincing evidence, that it "made relevant and meaningful efforts to assist respondent in resolving the circumstances that led to the removal of the children in order to reunite the family" (Matter of Eric G., 59 AD3d 785, 786 [2009]; see Matter of Gregory B., 74 NY2d 77, 86 [1989]).

1186 [2009], *lv denied* 13 NY3d 716 [2010]), and did not, "[a]t the very least, . . . take meaningful steps to address the issues" that led to the child's removal from her home (*Matter of Eric G.*, 59 AD3d 785, 787 [2009]).

We note from our review of this record that respondent, throughout the relevant time period, continued to pursue relationships with men who physically abused her. In addition, she failed to faithfully adhere to her mental health regimen and did not complete programing designed to counsel her as to the threat that domestic violence posed to her child and their family unit.[3] Furthermore, respondent refused to submit to a urine test and did not complete programs designed to address the issue of substance abuse. In addition, while the child has spent the last year with the aunt and by all accounts has thrived in her care, respondent, after being evicted from her federally subsidized apartment, has failed to establish a permanent residence and was homeless when this proceeding was commenced (*see Matter of Audrey I.*, 57 AD3d 1172, 1173 [2008], *lv denied* 12 NY3d 704 [2009]).

Moreover, at the time of the hearing, respondent remained ineligible to take the GED exam and did not cooperate with petitioner in its efforts to find her suitable employment. In addition, during this period respondent, while on probation, was arrested for numerous petit criminal offenses and ultimately received a 60-day jail sentence. Based on these facts, Family Court's finding that respondent had not made a meaningful effort to address those issues that led to the initial finding of neglect enjoyed ample support in the record (*see Matter of Isaiah F.*, 55 AD3d 1004, 1006 [2008]; *Matter of Melissa DD.*, 45 AD3d 1219, 1220-1221 [2007], *lv denied* 10 NY3d 701 [2008]; *Matter of Andrew Z.*, 41 AD3d 912, 912-913 [2007]).

Next, respondent argues that Family Court should have suspended its judgment and given her an opportunity to demonstrate that she could provide a safe and stable home for her child before terminating her parental rights. Again, we disagree. A judgment terminating parental rights may be suspended if the court concludes that "it is in the best interests of the child to allow the parent additional time to improve parenting skills and demonstrate his or her fitness to care for the child" (*Matter of Kayla KK. [Tracy LL.]*, 68 AD3d 1207, 1208 [2009]; *see* Family Ct Act § 631 [b]; *Matter of Anastasia FF.*, 66 AD3d at 1187; *Matter of Joshua BB.*, 27 AD3d 867, 869 [2006]). Here, there is no factual basis that would support the conclu-

---

**3.** The mother participated in, but did not complete, the Aid to Victims of Violence Program. She did, however, complete a parenting class.

sion that the child's best interests would be served by delaying the termination of respondent's parental rights. Her conduct since the finding of neglect was first entered and her persistent failure to comply with the conditions contained in the court's dispositional order demonstrate that she remains, as noted by a licensed clinical psychologist who examined her, "a poor candidate for benefitting from services." Finally, the child's overall condition as previously noted has greatly improved since he has been placed with the aunt and it is impossible to ignore the risk to his welfare that would almost certainly exist if he were returned to respondent's care (*see Matter of Raine QQ.*, 51 AD3d 1106, 1107 [2008], *lv denied* 10 NY3d 717 [2008]; *Matter of Jayde M.*, 36 AD3d 1168, 1170 [2007], *lv denied* 8 NY3d 809 [2007]). For these reasons, Family Court's determination that termination of respondent's parental rights was in the child's best interests is supported by a sound and substantial basis in the record (*see Matter of Nevaeh SS. [Valerie L.]*, 68 AD3d 1188, 1189-1190 [2009]; *Matter of Carlos R.*, 63 AD3d 1243, 1246 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of Laelani B.*, 59 AD3d 880, 882 [2009]; *Matter of Faith R.*, 56 AD3d 982, 984-985 [2008]; *Matter of Isaiah F.*, 55 AD3d at 1006-1007).

Cardona, P.J., Peters, McCarthy and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.