■ In the Matter of SHANIA D. and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PEGGY E., Appellant. [920 NYS2d 445]—

Kavanagh, J.

Respondent is the mother of Shania D. and William D. (born in 2001 and 2003, respectively), who, in 2007, were removed from her care by the Tioga County Department of Social Services and placed in the custody of their maternal aunt and uncle. After the matter was transferred to Tompkins County, petitioner, in April 2009, commenced this proceeding pursuant to Social Services Law § 384-b seeking a determination that respondent had permanently neglected the children and an order terminating her parental rights. After a fact-finding hearing, Family Court adjudicated the children to be permanently neglected and concluded, as a result of evidence introduced during a dispositional hearing, that their best interests required that respondent's parental rights be terminated. Respondent now appeals.

Respondent does not challenge the finding of permanent neglect, but claims that Family Court should have issued a suspended judgment as opposed to terminating her parental rights. "A suspended judgment may be issued if it is in the best interests of the child[ren] to allow the parent additional time to improve parenting skills and demonstrate his or her fitness to

care for the child[ren]" (*Matter of Kayla KK. [Tracy LL.]*, 68 AD3d 1207, 1208 [2009], *lv denied* 14 NY3d 707 [2010] [citations omitted]; *see* Family Ct Act § 631 [b]; § 633; *Matter of Anastasia FF.*, 66 AD3d 1185, 1187 [2009], *lv denied* 13 NY3d 716 [2010]; *Matter of Carlos R.*, 63 AD3d 1243, 1246 [2009], *lv denied* 13 NY3d 704 [2009]). Here, we note that after the children had been removed from her care, respondent successfully participated in a number of programs recommended by petitioner, was gainfully employed and had appropriate living accommodations that would have been suitable for the children. However, she persistently refused to recognize the risks her relationship with an abusive boyfriend posed for the children and the threat presented if this individual were allowed to reside with them. While respondent claimed to have ended this relationship when this petition was filed in Family Court, there is no doubt that for much of the two-year period after the children had been removed from her care, she continued in this relationship and engaged in a concerted effort to conceal it from petitioner or its authorized representatives. Simply stated, respondent's insistence on placing more importance on this relationship than on her children's well-being, coupled with questionable parenting choices that she made while visiting with the children, provided ample support for Family Court's decision not to suspend its judgment terminating her parental rights. We also note that the children appear to have thrived while in the care of their aunt and uncle, who have indicated a desire to adopt them. Under these circumstances, and " 'according deference to Family Court's determination given its opportunity to assess the demeanor and credibility of the witnesses, we cannot say that the court abused its discretion in terminating [respondent's] parental rights rather than granting a suspended judgment' " (*Matter of Sierra C. [Deborah D.]*, 74 AD3d 1445, 1448 [2010], quoting *Matter of Nevaeh SS. [Valerie L.]*, 68 AD3d 1188, 1190 [2009]).

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.