■ In the Matter of KELLCIE NN. and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SARAH NN., Appellant. [924 NYS2d 617]—

Peters, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered July 16, 2010, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of Kellcie NN. (born in 2006) and Keaniannin OO. (born in 2008). Shortly after Keaniannin's birth, it was discovered that respondent had, on more than one occasion, left the children alone in her apartment while a neighbor purportedly monitored them through a baby monitor. As a result, petitioner removed the children from respondent's care and placed them in foster care, where they remain today. In December 2009, petitioner initiated this permanent neglect proceeding against respondent seeking to terminate her parental rights. Respondent consented to a finding of permanent neglect and, following a dispositional hearing, Family Court determined that it would be in the children's best interests to terminate respondent's parental rights and free them for adoption. Respondent now appeals.

Respondent's sole contention on this appeal is that Family Court abused its discretion in terminating her parental rights, rather than granting her a suspended judgment. Following an adjudication of permanent neglect, a suspended judgment may be issued to allow a parent additional time to improve parenting skills and demonstrate his or her fitness to care for the child (*see* Family Ct Act § 631 [b]; *Matter of Kayla KK. [Tracy LL.]*, 68 AD3d 1207, 1208 [2009], *lv denied* 14 NY3d 707 [2010]; *Matter of Nevaeh SS. [Valerie L.]*, 68 AD3d 1188, 1189 [2009]; *Matter of Isaiah F.*, 55 AD3d 1004, 1006 [2008]). The singular concern is the best interests of the child, and "there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests" (*Matter of Angelica VV.*, 53 AD3d 732, 733 [2008]; *see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Faith R.*, 56 AD3d 982, 984 [2008]).

Here, according deference to Family Court's choice of dispositional alternatives (*see Matter of Raine QQ.*, 51 AD3d 1106, 1106 [2008], *lv denied* 10 NY3d 717 [2008]; *Matter of James X.*, 37 AD3d 1003, 1007 [2007]; *Matter of Arianna OO.*, 29 AD3d 1117, 1118 [2006]), we find no basis upon which to disturb its conclusion that the children's best interests would not be served by granting respondent the second chance provided by a suspended judgment. Respondent was incarcerated for much of the time of the children's placement and, following her release, was arrested on three more occasions. Despite some recent progress by respondent, the hearing testimony established that she has a general distrust for petitioner and its caseworkers, has a history of arguing with service providers and professionals, and continues to blame others for the children's removal. She has repeatedly threatened and harassed the foster parents, resulting in the issuance of a stay away order of protection in their favor. Her inappropriate behavior during visits with Kellcie resulted in the suspension of visitation with that child, whom she had not seen for more than a year as of the dispositional hearing. Moreover, while attempting to regain custody, respondent had engaged in romantic relationships with individuals with troubled histories, including a man who was convicted of assault after breaking his own child's arm. The licensed psychologist who evaluated respondent testified that she has tendencies towards unlawful behavior and exhibits poor and impulsive judgment, and opined that the children should not be returned to her care until the deficiencies in her parenting skills are rectified and she is able to demonstrate a prolonged period of stability in her emotional and social functioning.

Furthermore, at the time of the hearing, the children had

been with the same foster family for 20 months and, during that time, their behavioral problems and developmental delays had substantially improved. They have developed a significant bond with the foster parents, who expressed a desire to adopt them, and are by all accounts thriving under their care. Taken as a whole, these facts provide a sound and substantial basis for Family Court's conclusion that termination of respondent's parental rights was in the children's best interests (*see Matter of Aidan D.*, 58 AD3d 906, 909 [2009]; *Matter of Faith R.*, 56 AD3d at 985; *Matter of Nahia M.*, 39 AD3d 918, 921 [2007]; *Matter of Douglas H. [Catherine H.]*, 1 AD3d 824, 826 [2003], *lv denied* 2 NY3d 701 [2004]).

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.