██ In the Matter of CRYSTAL JJ. and Others, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SARAH KK., Appellant. [924 NYS2d 627]—

Egan Jr., J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered October 5, 2010, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the biological mother of four minor children, all of whom were removed from respondent's home in October 2008 after it was discovered that, among other things, her youngest child—then approximately 2¹/₂ years old—had been left home alone for an undetermined period of time. When re-

spondent eventually returned to the residence on the evening in question, authorities determined that she was too intoxicated to care for her children. The children then were placed with their maternal grandmother where, by all accounts, they have since remained.

In March 2010, petitioner commenced this permanent neglect proceeding seeking to terminate respondent's parental rights based upon her failure to plan for her children's future despite being afforded ample services and opportunities to do so. Following fact-finding and dispositional hearings, Family Court adjudicated the children to be permanently neglected and terminated respondent's parental rights.[1] This appeal ensued.

We affirm. The record before us establishes, by clear and convincing evidence (*see Matter of Laelani B.*, 59 AD3d 880, 881 [2009]), that petitioner discharged its statutory duty to exercise diligent efforts to strengthen the parent-child relationship (*see* Social Services Law § 384-b [7] [a]) by offering services designed to address the very problems that led to the children's removal—namely, respondent's well-documented addiction to alcohol, marihuana and cocaine and her lack of appropriate housing. These services included referring respondent to various substance abuse programs, arranging for a psychosocial evaluation, assisting respondent in securing suitable housing and affording respondent regular visitation with her children, together with transportation or financial support to facilitate those visits. Thus, contrary to respondent's assertion, "this is not a case where the petitioning agency made only a marginal attempt to offer the barest of services to a parent in danger of losing . . . her child[ren]" (*Matter of Douglas H. [Catherine H.]*, 1 AD3d 824, 825 [2003], *lv denied* 2 NY3d 701 [2004]).[2]

The record also contains clear and convincing evidence that, despite petitioner's diligent efforts in this regard, respondent failed to plan for the children's future (*see* Social Services Law § 384-b [7] [a]; *Matter of Ja'Heem W. [Beronica W.]*, 80 AD3d

---

1. Although not entirely clear from the record, it appears that the children's father, who is not a party to this appeal, was the subject of a separate permanent neglect petition and thereafter defaulted, resulting in the termination of his parental rights as well.

2. While the record contains conflicting proof as to whether mental health counseling was formally offered to respondent, "we simply find no support in the record for respondent's assertion that her mental health issues were virtually ignored by petitioner" (*Matter of Ariel PP.*, 9 AD3d 628, 629 [2004], *lv denied* 3 NY3d 608 [2004]). Further, petitioner's representatives testified that mental health service providers required evidence of an extended period of sobriety/recovery before commencing counseling which, according to her assigned caseworker, respondent ultimately did not achieve.

917, 918 [2011]; *Matter of Tatianna K. [Claude U.]*, 79 AD3d 1184, 1185 [2010]). Although respondent did successfully complete two inpatient substance abuse programs, she was discharged from one outpatient program for missing too many group sessions and from another due to a lack of progress. Additionally, between her initial drug screen in December 2008 and her second inpatient admission in September 2009, respondent tested positive for cocaine four times and, as of March 2010, remained in only the first of the three phases of her treatment program. Respondent also failed to secure adequate housing for herself and the children; indeed, despite petitioner's efforts, respondent was "sanctioned" from both a local shelter and participation in a subsidized housing program. Finally, respondent continued to maintain a relationship with a man who, by her own admission, had a drinking problem—even though she recognized that this relationship posed a barrier to her children's return. Under these circumstances, the record as a whole contains clear and convincing evidence that respondent permanently neglected her children by failing to make a realistic plan for their future (*see e.g. Matter of Kaytlin TT.*, 61 AD3d 1085, 1087 [2009], *lv denied* 13 NY3d 709 [2009]; *Matter of Andre M.*, 26 AD3d 713, 714 [2006]).

Finally, we reject respondent's assertion that she should have been granted a suspended judgment. "A suspended judgment may be issued if it is in the best interests of the child[ren] to allow the parent additional time to improve parenting skills and demonstrate his or her fitness to care for the child[ren]" (*Matter of Kayla KK. [Tracy LL.]*, 68 AD3d 1207, 1208 [2009], *lv denied* 14 NY3d 707 [2010] [citations omitted]). Here, respondent's own testimony revealed that she had been "clean" for less than a year as of the July 2010 dispositional hearing, had been employed for less than four months and was living in an apartment that was not suitable for a family of five. In light of this testimony, and given respondent's history of relapsing and lack of measurable progress in addressing her parental deficiencies, we cannot say that Family Court abused its discretion in terminating respondent's parental rights (*see Matter of Nicholas R. [Jason S.]*, 82 AD3d 1526, 1528-1529 [2011]; *Matter of Keegan JJ. [Amanda JJ.]*, 72 AD3d 1159, 1161-1162 [2010]; *Matter of Kayla KK. [Tracy LL.]*, 68 AD3d at 1208-1209).

Peters, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.