In the Matter of ALYSHEIONNA HH., a Child Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TARA II., Appellant. (And Another Related Proceeding.) [956 NYS2d 331]—

1414

Malone Jr., J.

Respondent does not dispute that petitioner met its threshold burden of establishing that it "made diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429 [2012]). Instead, she contends that petitioner did not establish by clear and convincing evidence "that respondent failed—for a period of more than a year—to 'substantially and continuously or repeatedly . . . maintain contact with or plan for the future of the child, although physically and financially able to do so' " (*Matter of Jyashia RR. [John VV.]*, 92 AD3d 982, 984 [2012], quoting Social Services Law § 384-b [7] [a]; *see* Family Ct Act § 614 [1] [d]).

Petitioner acknowledges that respondent has maintained contact with the child throughout her placement with petitioner, but argues that respondent failed to adequately plan for the child's future. Importantly, "contact and planning are alternative elements, and proof of failure to perform one [of these elements] is sufficient to sustain a finding of permanent neglect" (*Matter of Jyashia RR. [John VV.]*, 92 AD3d at 984 [internal quotations marks and citations omitted]; *see Matter of Chorus SS. [Elatisha SS.]*, 93 AD3d 1097, 1098 [2012], *lv denied* 19

NY3d 807 [2012]). Here, notwithstanding respondent's participation in some of the proffered services, the testimony of, among others, her caseworker, a family educator who monitored respondent's visits with the child, and the child's foster parents reveals that her parenting skills did not meaningfully improve, her employment was intermittent, her living arrangements remained unstable, and she consistently failed to accept the role that her conduct played in the removal of her children. Although respondent claims that she improved in all of these areas, we defer to Family Court's credibility assessments (see *Matter of Summer G. [Amy F.]*, 93 AD3d 959, 961 [2012]; *Matter of Syles DD. [Felicia DD.]*, 91 AD3d 1054, 1055 [2012], *lv denied* 18 NY3d 810 [2012]), and find that the court's conclusion that respondent permanently neglected the child is supported by a sound and substantial basis in the record.

Respondent next contends that Family Court abused its discretion in ordering termination of her parental rights rather than a suspended judgment because respondent had made significant strides in the month since the fact-finding hearing. However, the testimony at the dispositional hearing established that respondent's situation had not improved; indeed, both her employment and living arrangements remained unstable. On the other hand, the foster parents—with whom the child has resided since birth and who wish to adopt her—continued to provide a stable, nurturing home for the child and facilitate her relationship with her brother and her grandmother. Accordingly, Family Court's decision to terminate respondent's parental rights and free the child for adoption is in the child's best interests and is not an abuse of discretion (see *Matter of Crystal JJ. [Sarah KK.]*, 85 AD3d 1262, 1264 [2011], *lv denied* 17 NY3d 711 [2011]; *Matter of Kellcie NN. [Sarah NN.]*, 85 AD3d 1251, 1253 [2011]).[3]

Mercure, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the appeals from the decisions entered October 31, 2011 and December 7, 2011 and from the order entered November 22, 2011 are dismissed, without costs. Ordered that the order entered February 1, 2012 is affirmed, without costs.

---

**3.** The father previously executed a judicial surrender of his parental rights.