Stein, J.
Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered January 9, 2013, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent’s parental rights.
*1206 Respondent is the mother of two children, Madalynn I. and Mya LL. (born in 2010 and 2012, respectively). Prior to Mya’s birth, petitioner filed a neglect petition against respondent as a result of her drug use and incidents of domestic violence between respondent and the children’s father. As a result, Madalynn, who was seven months old at the time, was removed from respondent’s custody and placed in the care of foster parents. Respondent subsequently became pregnant and continued to use drugs. Upon Mya’s birth, respondent consented to her adoption by Madalynn’s foster parents, and the two siblings have been residing together with the foster parents.
In June 2012, petitioner commenced this proceeding alleging that respondent permanently neglected Madalynn by, among other things, “fail[ing] to demonstrate the ability to assume responsibility for the care of the child or develop an alternative plan for the permanent care of the child.”* In response thereto, respondent made various admissions, after which Family Court entered a finding of permanent neglect. Following a dispositional hearing, Family Court denied respondent’s request for a suspended judgment and terminated her parental rights. Respondent now appeals and we affirm.
The factual context of this case is undisputed and respondent’s sole contention on appeal is that Family Court should have issued a suspended judgment in lieu of terminating her parental rights. “A suspended judgment may be issued if it is in the best interests of the child[ ] to allow the parent additional time to improve parenting skills and demonstrate his or her fitness to care for the child[ ]” (Matter of Crystal JJ. [Sarah KK.], 85 AD3d 1262, 1264 [2011], lv denied 17 NY3d 711 [2011] [internal quotation marks and citations omitted]; see Family Ct Act § 631 [b]; Matter of Nevaeh SS. [Valerie L.], 68 AD3d 1188, 1189 [2009]). “The singular concern is the best interests of the child, and there is no presumption that any particular disposition, including the return of a child to a parent, promotes such interests” (Matter of Kellcie NN. [Sarah NN.], 85 AD3d 1251, 1252 [2011] [internal quotation marks and citation omitted]; accord Matter of Anastasia FF., 66 AD3d 1185, 1186 [2009], lv denied 13 NY3d 716 [2010]; see Family Ct Act § 631; Matter of Nevaeh SS. [Valerie L.], 68 AD3d at 1189).
Based upon the record as a whole, we cannot say that Family Court abused its discretion in terminating respondent’s parental rights (see Matter of Angelina BB. [Miguel BB.], 90 AD3d 1196, *1207 1198 [2011]; Matter of Crystal JJ. [Sarah KK.], 85 AD3d at 1264). At the time of the dispositional hearing, respondent had recently completed a long-term inpatient drug rehabilitation program and was residing in a supportive living program. Family Court recognized that respondent had made many positive changes. Indeed, she had maintained her sobriety for approximately seven months, terminated the volatile relationship she previously had with the children’s father and was interacting positively with Madalynn during supervised visits. However, respondent was in a one-year diversionary program after pleading guilty to grand larceny in the fourth degree, had a history of relapse into substance abuse, and her ability to remain sober had not been challenged outside the structure of the supportive living program. In this regard, respondent described herself as being in “early recovery” and her ability to cope with the stressors of day-to-day parenting were untested. In fact, respondent’s only contact with Madalynn had been in supervised settings.
Significantly, Madalynn is in the preadoptive foster home where she has resided since she was seven months old. She has formed a strong bond with her foster parents and her biological sister, who has already been adopted by them. There is no doubt that Madalynn is thriving in the care of her foster parents, who are providing her with a loving and stable home (see Matter of Alysheionna HH. [Tara II.], 101 AD3d 1413, 1415 [2012], lv denied 20 NY3d 861 [2013]; Matter of Neal TT. [Deborah UU.], 97 AD3d 869, 871 [2012]). Under these circumstances and according deference to Family Court (see Matter of James J. [James K.], 97 AD3d 936, 939 [2012]; Matter of Kellcie NN. [Sarah NN.], 85 AD3d at 1252), we find that, despite the significant and commendable progress made by respondent, there is a sound and substantial basis in the record to support Family Court’s conclusion that termination of respondent’s parental rights was in Madalynn’s best interests, and we decline to disturb it (see Matter of Chorus SS. [Elatisha SS.], 93 AD3d 1097, 1099 [2012], lv denied 19 NY3d 807 [2012]; Matter of Shania D. [Peggy E.], 82 AD3d 1513, 1514 [2011]; Matter of Nevaeh SS. [Valerie L.], 68 AD3d at 1189-1190).
Rose, J.R, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 A separate permanent neglect petition was filed against the children’s father. The father made admissions, was found to have permanently neglected Madalynn and his parental rights were terminated.