Matter of Maria M. (Kristin M.) (2020 NY Slip Op 02572)





Matter of Maria M. (Kristin M.)


2020 NY Slip Op 02572


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


409 CAF 18-02176

[*1]IN THE MATTER OF MARIA M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
KRISTIN M., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
NATALIE M. STUTZ, BUFFALO, FOR PETITIONER-RESPONDENT.
JESSICA L. VESPER, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered November 1, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to her daughter on the ground of permanent neglect. Contrary to the mother's contention, Family Court properly determined that she failed to plan for the future of the child (see Social Services Law § 384-b [7] [a]). Although the mother completed parenting classes and maintained contact with the child, she did not complete her treatment for mental health and substance abuse issues, and she continued to have positive toxicology screens for cocaine. We conclude that the mother "did not successfully address or gain insight into the problems that led to the removal of the child and continued to prevent the child's safe return" (Matter of Savanna G. [Danyelle M.], 118 AD3d 1482, 1483 [4th Dept 2014] [internal quotation marks omitted]; see Matter of Joshua W., Jr. [Joshua W., Sr.], 159 AD3d 1589, 1590 [4th Dept 2018], lv denied 31 NY3d 909 [2018]; Matter of Tiara B. [Torrence B.], 70 AD3d 1307, 1307 [4th Dept 2010], lv denied 14 NY3d 709 [2010]).
Contrary to the further contention of the mother, the evidence supports the court's determination that termination of her parental rights is in the best interests of the child, and the court did not abuse its discretion in refusing to issue a suspended judgment (see generally Matter of Carl B. [Crystale L.], 178 AD3d 1456, 1457 [4th Dept 2019]). The steps taken by the mother to address her mental health and substance abuse issues were "not sufficient to warrant any further prolongation of the child's unsettled familial status" (Matter of Alexander M. [Michael A.M.], 106 AD3d 1524, 1525 [4th Dept 2013]; see also Matter of Kellcie NN. [Sarah NN.], 85 AD3d 1251, 1252 [3d Dept 2011]), particularly in light of the mother's continuing criminal conduct. Additionally, although the record established that the child had a bond with the mother, it also established that the child had a bond with her foster parents. Under the totality of the circumstances, we conclude that there is no basis to disturb the court's determination to terminate the mother's parental rights (see Matter of Michaellica W. [Michael W.], 166 AD3d 425, 426 [1st Dept 2018]; Matter of Noah V.P. [Gino P.], 96 AD3d 1472, 1473-1474 [4th Dept 2012]).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court