Matter of Soumare v White (2022 NY Slip Op 03519)





Matter of Soumare v White


2022 NY Slip Op 03519


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.


2021-03369
 (Docket Nos. V-68-16, V-43-21)

[*1]In the Matter of Seydi Soumare, appellant,
v
Sibhon A. White, respondent.


Angella S. Hull, Jamaica, NY, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, NY, for respondent.
Diana Kelly, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated April 28, 2021. The order, insofar as appealed from, without a hearing, in effect, granted the father's petition to enforce an order of the same court dated October 14, 2016, only to the extent of restating certain provisions of the order dated October 14, 2016, and adding thereto a provision directing that a 15-minute window shall apply to all pick-ups and drop-offs relating to the father's parental access with the subject child.
ORDERED that the order dated April 28, 2021, is affirmed insofar as appealed from, without costs or disbursements.
In an order dated October 14, 2016, the Supreme Court awarded custody of the subject child, born in 2013, to the mother and directed, inter alia, that the father would have parental access with the child every Sunday for four hours. In March 2021, the father filed a petition to enforce the order dated October 14, 2016, asserting that the mother was violating the order by failing to cooperate with its parental access provisions. The petition alleged, among other things, that on a recent Sunday, when the father arrived 10 minutes late to pick up the child for parental access, the mother left the pick-up location with the child, did not permit the parental access to occur, and then failed to bring the child to the next four parental access sessions.
The Supreme Court addressed the father's petition by conducting two conferences, at which both parties made statements under oath. The court then issued an order dated April 28, 2021, which, in large part, restated the provisions of the order dated October 14, 2016. In addition, the order added one hour to the father's weekly parental access sessions, and included a provision stating that "[t]here is a 15 min window for all pick up and drop off's." The father appeals from the order dated April 28, 2021.
Contrary to the father's contention, the Supreme Court was not required to hold a hearing on his enforcement petition. The father's petition did not involve a custody determination, which, as a general matter, "should be rendered only after a full and plenary hearing and inquiry" [*2](S.L. v J.R., 27 NY3d 558, 563). The petition did not seek any relief related to custody, but rather alleged only that the mother failed to drop off the child for parental access as required by the order dated October 14, 2016, and thus sought enforcement of that order. The court, after eliciting sworn statements from both parties, fashioned a workable remedy (see Matter of Sheavlier v Melendrez, 296 AD2d 622, 623-624) by reminding both parties of their obligations, awarding the father an additional hour of parental access each week, and directing that a 15-minute lateness window would apply to both the father's pick-up time and the mother's drop-off time.
Under the circumstances of this case, including the young age of the child and the absence of demonstrable prejudice to the child's interests, the father's contention that the Supreme Court improvidently exercised its discretion in failing to appoint an attorney for the child is without merit (see Matter of Quinones v Quinones, 139 AD3d 1072, 1074).
The father's remaining contention is without merit.
BARROS, J.P., CHAMBERS, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court