■ In the Matter of JA'HEEM W., a Child Alleged to be a Permanently Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BERONICA W., Appellant. [914 NYS2d 775]—

Malone Jr., J. Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered November 18, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of the subject child, who was removed from her care the day after his birth in February 2008. In May 2009, after the child had been in petitioner's custody for more than one year, petitioner commenced this proceeding seeking to terminate respondent's parental rights based upon her failure to plan for the child's future, despite petitioner's efforts to reunite her with her child. Following a hearing, Family Court granted the petition, adjudicated the child to be permanently neglected and terminated respondent's parental rights. Respondent appeals.

In seeking to terminate respondent's parental rights to her child, petitioner bore the burden of establishing that it had made diligent efforts to strengthen the parent-child relationship and that, as relevant here, despite such efforts, respondent failed to substantially plan for her child's future for a period of one year (*see* Social Services Law § 384-b [7] [a]). The record establishes that petitioner's caseworkers met with respondent on numerous occasions and created a service plan for her that included appropriate mental health and drug treatment.

programs, classes in parenting and anger management and arrangements for supervised visitation with the child. Petitioner also advised respondent of the child's progress and provided respondent with financial support, including budgeting assistance, transportation vouchers, food subsidies and cell phones with prepaid minutes. Notably, petitioner's caseworkers repeatedly informed respondent that her successful participation in a drug treatment program was essential if she was to regain custody of the child. Contrary to respondent's contentions, the record supports Family Court's determination that petitioner made diligent efforts to assist respondent in resolving the problems that prevented the return of the child to her care (*see* Social Services Law § 384-b [7] [a]; *Matter of Tatianna K. [Claude U.]*, 79 AD3d 1184, 1185 [2010]).

The record also contains clear and convincing evidence that, despite petitioner's efforts, respondent failed to plan for the child's future. Although she was aware that the successful completion of a drug treatment program was necessary to regain custody of her child, respondent consistently maintained that she did not require such treatment—although she admitted to using marihuana, which she does not consider to be a drug— and did not attend scheduled counseling sessions. Consequently, she was unsuccessfully discharged from the program.[1] Similarly, respondent only sporadically attended sessions for the other programs recommended by petitioner and failed to attend the child's service plan review, although petitioner notified her by mail and her caseworker twice reminded her in person. She also refused to submit to drug screening prior to visitation sessions and, as a result, had no visitation with the child after October 2008, despite her caseworkers' encouragement to comply with the screening. Finally, according to one of her caseworkers, respondent's apartment is an inappropriate residence for the child as several people live there and they possess marihuana and drug paraphernalia, which was left out in the open, and the apartment was unclean and lacking food. Although respondent has expressed a desire to regain custody of her child, respondent's failure to acknowledge the circumstances that led to his removal from her care and her consistent refusal to participate in the services recommended by petitioner supports Family Court's finding that respondent failed to plan for the future of her child (*see* Social Services Law § 384-b [7] [c]; *Matter of Karina U.*, 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]).

---

1. Respondent was also unsuccessfully discharged from Family Treatment Court.

Finally, Family Court did not abuse its discretion by ordering the termination of respondent's parental rights and freeing the child for adoption, rather than entering a suspended judgment. In fashioning a disposition, the overriding consideration is the best interests of the child and, as Family Court found, the prospects for respondent's compliance with the recommended treatment and ultimate recovery are not promising, particularly considering that, at the hearing, she continued to deny the need for drug treatment services. On the other hand, the child has been cared for by the same foster care family since his birth and they were willing to adopt the child.[2] Viewing the totality of the evidence, and " 'according deference to Family Court's determination given its opportunity to assess the demeanor and credibility of the witnesses, we cannot say that the court abused its discretion in terminating [respondent's] parental rights rather than granting a suspended judgment' " (*Matter of Sierra C. [Deborah D.]*, 74 AD3d 1445, 1448 [2010], quoting *Matter of Nevaeh SS. [Valerie L.]*, 68 AD3d 1188, 1190 [2009]).

Respondent's challenge to the requirement that she submit to a drug screening test prior to visitation with her child is not properly before this Court as that requirement was contained in a permanency order entered in January 2009 and respondent did not appeal from that order.

Cardona, P.J., Mercure, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

2. Respondent did not seek a stay of the order terminating her parental rights and the foster family filed an adoption petition on November 18, 2009—one week before respondent filed her notice of appeal from Family Court's order. The adoption was finalized and a certificate of adoption was issued in May 2010; respondent's appeal was not perfected until two months later.