■ In the Matter of TYLER LL., a Child Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH KK., Appellant. [921 NYS2d 733]—

Rose, J. Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered July 1, 2010, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Tyler LL. to be a permanently neglected child, and terminated respondent's parental rights.

Petitioner removed Tyler LL. (born in 2006) from the care of respondent, his mother, in 2007. Family Court later determined that the child was neglected based on multiple alcohol-related incidents of domestic violence between respondent and the child's father, and we affirmed (*Matter of Armani KK. [Deborah KK.]*, 81 AD3d 1001 [2011]). When petitioner commenced this proceeding pursuant to Social Services Law § 384-b, Family Court held a fact-finding and dispositional hearing, adjudicated the child to be a permanently neglected and terminated respondent's parental rights. Respondent appeals and we affirm.

In order to establish permanent neglect, petitioner was required to prove, by clear and convincing evidence, that it made diligent efforts to strengthen and encourage the parent-child relationship and that, despite those efforts, respondent failed to maintain contact with the child or plan for the child's future for a period of one year after the child came into the custody of an authorized agency (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 140 [1984]; *Matter of George M.*, 48 AD3d 926, 927 [2008]). An agency exercises diligent efforts by, among other things, offering appropriate services designed to resolve the problems preventing the return of

the child, making suitable arrangements for visitation and keeping the parent advised as to the child's progress and development (*see* Social Services Law § 384-b [7] [f]; *Matter of Tatianna K. [Claude U.]*, 79 AD3d 1184, 1185 [2010]; *Matter of James X.*, 37 AD3d 1003, 1005-1006 [2007]).

Respondent argues that petitioner failed to exercise diligent efforts because it did not refer her to services to specifically address the issue of domestic violence. Contrary to this contention, however, the record reveals that petitioner's caseworkers referred respondent to mental health counseling and also suggested couples therapy in order to address her domestic violence issues. The caseworkers also had regular contact with respondent, advised her of the problem areas she needed to address, arranged supervised visitation, provided assistance with transportation and, in addition to mental health referrals, referred her to services for chemical dependency and parental education. Given the multitude of services and the assistance offered to respondent, we conclude that the record amply supports Family Court's determination that petitioner made diligent efforts to strengthen and encourage the parent-child relationship (*see Matter of Ja'Heem W. [Beronica W.]*, 80 AD3d 917, 917-918 [2011]; *Matter of Laelani B.*, 59 AD3d 880, 881 [2009]).

We also conclude that petitioner established, by clear and convincing evidence, that respondent failed to maintain contact with the child or to substantially plan for the future of the child (*see* Social Services Law § 384-b [3] [g] [i]; [7] [a]; *Matter of Vashaun P.*, 53 AD3d 712, 715-716 [2008]; *Matter of George M.*, 48 AD3d at 928). Although the birth of respondent's sixth child in September 2008 and respondent's heart surgery in December 2008 prevented her from attending some visits with Tyler, the record reveals that the majority of visits missed could not be attributed to those excuses. Respondent missed a number of visits when she left Otsego County to visit her other children and at other times for various conflicting appointments and reasons unconnected to her pregnancy or surgery, including her failure to answer the telephone when called to confirm a visitation and her failure to keep petitioner apprised of her whereabouts. Respondent also did not make any phone calls to the child or write him any letters. The record also reveals that respondent missed three appointments for her initial mental health evaluation for reasons unrelated to her pregnancy or heart surgery, and she failed to have her home in a safe condition despite repeated guidance from petitioner with respect to the problem areas. Respondent's contention regarding her lack of any need for domestic violence counseling, in addition to contradicting her argu-

ment regarding the exercise of diligent efforts by petitioner, is misplaced in that it fails to recognize respondent's role as an instigator of domestic violence. Given respondent's failure to maintain consistent contact with the child or engage in the recommended services so as to address the problems that led to the child's removal, the record supports the determination that the child is permanently neglected (*see Matter of Laelani B.*, 59 AD3d at 881-882; *Matter of Vashaun P.*, 53 AD3d at 715-716; *Matter of Melissa DD.*, 45 AD3d 1219, 1220-1221 [2007], *lv denied* 10 NY3d 701 [2008]).

Finally, the evidence at the dispositional hearing established respondent's longstanding and continued pattern of failing to engage in the services necessary to overcome the problems preventing the return of the child, who has been placed in a stable environment with his great aunt since 2007. Based on our review of the record, and according deference to Family Court's findings, we find no basis to disturb the conclusion that termination of respondent's parental rights was in the child's best interests (*see Matter of Keegan JJ. [Amanda JJ.]*, 72 AD3d 1159, 1162 [2010]; *Matter of Nevaeh SS. [Valerie L.]*, 68 AD3d 1188, 1190 [2009]; *Matter of Kayla KK. [Tracy LL.]*, 68 AD3d 1207, 1208-1209 [2009], *lv denied* 14 NY3d 707 [2010]).

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.