■ In the Matter of NICOLE K. and Another, Children Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELISSA K., Appellant. (Proceeding No. 1.) In the Matter of NICOLE K. and Another, Children Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KENNETH K., Appellant. (Proceeding No. 2.) [924 NYS2d 624]—

Stein, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered July 1, 2010, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights as to Kyle K.

Respondents are the parents of Matthew K. (born in 1991), Nicole K. (born in 1992) and Kyle K. (born in 2001). The children were initially removed from respondents' care in June 2007 following allegations of neglect. Upon respondents' consent, an order of fact-finding was entered in November 2007 and, after a dispositional hearing in April 2008, the placement of the children with petitioner was continued.[1] In May 2009, petitioner commenced these proceedings alleging that respondents had permanently neglected Kyle and Nicole.

After fact-finding hearings were held, Family Court found that petitioner made diligent efforts to provide respondents with appropriate services and that respondents failed to avail themselves of such services. Accordingly, Family Court concluded that respondents had permanently neglected the two younger children. Following a dispositional hearing held in March 2010, the court determined that, in view of Nicole's age, it would be in her best interest to suspend judgment until January 2011 in order for her to reach the age of majority in December 2010. The court terminated respondents' parental rights with regard

---

1. Placement for all three children was continued by subsequent orders of Family Court until Matthew reached the age of majority in May 2009. At that time, Matthew chose to return home to live with respondents. He is, therefore, no longer the subject of these proceedings.

to Kyle and freed him for adoption. Respondents both appeal and we affirm.

Respondents' challenge to Family Court's finding that petitioner made diligent efforts to encourage and strengthen the parent-child relationships is unpersuasive. The services provided by petitioner to respondents included, among other things, the assignment of a parent aide to meet regularly with them in order to address financial management and other issues, securing a mental health counselor with extensive experience working with cognitively-impaired individuals, providing parent education classes, scheduling and supervising visitation, and providing transportation of the children to and from visits.[2] Petitioner even made provisions for substantial flexibility in scheduling appointments to accommodate the father's work schedule and the mother's propensity to sleep late. Based upon the evidence adduced, we agree with Family Court's determination that the services offered to respondents were appropriately tailored to meet their needs and that petitioner established by clear and convincing evidence that it made "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; see Social Services Law § 384-b [7] [f]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]).

We likewise find that petitioner has proven by clear and convincing evidence that, despite its efforts, respondents failed to cooperate with petitioner, to address the conditions that had led to the children's removal, or to develop a realistic plan for the children's future (see Social Services Law § 384-b [7] [a], [c]; Matter of Jasmine F. [Jeffrey G.], 74 AD3d 1396, 1398 [2010]; Matter of Laelani B., 59 AD3d 880, 882 [2009]). Here, the evidence as a whole demonstrated that respondents failed to avail themselves of many of the services offered by petitioner, due, at least in part, to their resentment of the presence and interference of the providers. Among other things, respondents failed to attend numerous appointments, completely discontinued their mental health counseling sessions after failing to attend eight consecutive sessions and violated a prohibition against the use of a computer and web camera during visitation.[3] In addition, the mental health counselor opined that respondents were able to understand the directions of caseworkers and other service

---

2. Although petitioner also offered to provide respondents with transportation to and from services, they declined such offer.

3. Respondents' inappropriate use of those devices in the presence of the children was one of the problems that led to the children's removal from the home.

providers, but they did not want their help. For various reasons that he articulated, it was the counselor's opinion that, although respondents had shown some initial progress, neither one had made sufficient progress for the children to return home safely and both parents had personality traits that were resistant to change. Thus, Family Court properly determined that respondents had failed "to take such steps as may be necessary to provide an adequate, stable home and parental care for the child[ren]" (Social Services Law § 384-b [7] [c]; see Matter of Star Leslie W., 63 NY2d at 143).

Nor do we discern any reason to disturb Family Court's dispositional order, inasmuch as it is supported by a sound and substantial basis in the record (see Matter of Keegan JJ. [Amanda JJ.], 72 AD3d 1159, 1161-1162 [2010]). The determination of a proper disposition is guided by the best interests of the children (see Family Ct Act § 631; Matter of Juliette JJ. [Parris JJ.], 81 AD3d 1112, 1114 [2011]; Matter of Anastasia FF., 66 AD3d 1185, 1187 [2009], lv denied 13 NY3d 716 [2010]), and we accord great deference to Family Court's ability to observe witnesses and determine issues of credibility (see Matter of Ja'Heem W. [Beronica W.], 80 AD3d 917, 919 [2011]). Here, any challenge to that portion of the dispositional order suspending judgment as to Nicole is moot, since she has reached the age of majority (see Matter of Heidi E. [Tresea F.—Phyllis G.], 68 AD3d 1174, 1174 [2009]).

With regard to Kyle, although he continued to visit with respondents, he was happy in his foster care placement and his foster parents indicated a willingness to adopt him. Considering his young age and the amount of time he has already spent in foster care placement, as well as respondents' failure to plan for his future in a concrete way, Family Court properly determined that adoption was in Kyle's best interests (see Matter of Sierra C. [Deborah D.], 74 AD3d 1445, 1448 [2010]; Matter of Aidan D., 58 AD3d 906, 908 [2009]; Matter of Faith R., 56 AD3d 982, 984 [2008]). Additionally, while not dispositive, we note that the attorney for the child was in accord with such determination (see generally Matter of Kowatch v Johnson, 68 AD3d 1493, 1494 n 2 [2009], lv denied 14 NY3d 704 [2010]).

Respondents' remaining contentions have been considered and found to be without merit.

Mercure, J.P., Peters, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.