■ In the Matter of NAZELLE RR. and Others, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISA RR., Appellant. [924 NYS2d 599]—

Malone Jr., J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered August 17, 2010, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

In July 2008, respondent's four children (born in 1998, 2002, 2005 and 2006) were removed from her care after petitioner received a report of domestic violence between respondent and her boyfriend, who is the father of two of her children (those born in 2002 and 2006), and a report that the two youngest children were outside the house and wandering in the street. Respondent thereafter consented to a finding of neglect and was placed under petitioner's supervision. The children remained in foster care for nearly 18 months, prompting petitioner to commence this permanent neglect proceeding, seeking to terminate petitioner's parental rights. Following fact-finding hearings and a dispositional hearing, Family Court granted the petition. Respondent appeals.

As is relevant here, to establish permanent neglect, petitioner was required to prove, by clear and convincing evidence, that, despite its diligent efforts to strengthen the parent-child relationship, respondent failed to plan for her children's future for a period of one year after the children were placed into

petitioner's custody (*see* Social Services Law § 384-b [4] [d]; [7] [a]; *Matter of Tyler LL. [Deborah KK.]*, 84 AD3d 1465, 1465 [2011]). Although respondent argues that petitioner failed to make such diligent efforts, the record reflects that petitioner provided respondent with caseworker counseling, as well as referrals to appropriate therapy and other programs to address the problems that led to the children's removal from respondent's care. Petitioner also provided respondent with regular visitation with the children, held family team meetings to discuss the family's service plan and offered her assistance with transportation. Petitioner maintained consistent contact with respondent and appropriately informed her of the children's progress in school and of any appointments that they had. Considering the multitude of services offered to respondent, Family Court's finding that petitioner made the requisite diligent efforts is supported by the record (*see Matter of Tyler LL. [Deborah KK.]*, 84 AD3d at 1466; *Matter of Ja'Heem W. [Beronica W.]*, 80 AD3d 917, 917-918 [2011]).

The record also supports a finding that petitioner established, by clear and convincing evidence, that respondent failed to substantially plan for the future of the children (*see* Social Services Law § 384-b [7] [c]). The children were removed from respondent's care due to documented instances of respondent's inadequate supervision of the children, as well as incidents of domestic violence between respondent and her boyfriend. Yet respondent consistently maintained that petitioner removed the children from her care without cause, denied that there was domestic violence in the household and either failed or refused to acknowledge that the parentification of her 10 year old was not appropriate. Further, despite claiming that she had ended her relationship with her boyfriend, respondent continued to have contact with him and relied on him for support in maintaining her apartment.

The record also reflects that additional barriers to the reunification of the family existed, which respondent likewise failed to address—namely, respondent's significant medical and mental health issues, which contributed to her difficulty in properly parenting the children and maintaining a safe and clean home for them. Although respondent did complete certain programs recommended by petitioner, she consistently denied that her ability to care for the children was impaired by her mental or physical health. She was discharged from individual mental health therapy due to excessive absenteeism and agreed with the opinion of her therapist that she had gained little or no

benefit from therapy. Excessive absenteeism was also the cause of respondent's discharge from a wound care clinic, where she had received treatment for methicillin-resistent Staphylococcus aureus. Despite being advised of methods to prevent the spread of the disease, respondent failed to take appropriate precautions in maintaining a clean apartment and during contact with the children, resulting in its transmission to two of the children. Although respondent contends that her shortcomings are somehow the fault of petitioner, the evidence demonstrates that respondent failed to fully participate in or benefit from the recommended services and failed to fully acknowledge or take responsibility for the conditions and actions that led to the removal of the children from her care. Accordingly, Family Court's finding that petitioner failed to substantially plan for the future of the children is supported by the record (*see Matter of Ja'Heem W. [Beronica W.]*, 80 AD3d at 918; *Matter of George M.*, 48 AD3d 926, 927-928 [2008]).

Finally, we find no abuse of discretion in Family Court's determination to terminate respondent's parental rights rather than issue a suspended judgment. In rendering a disposition, the overriding concern is the best interests of the children. In this case, Family Court found that, in the two years the children were in foster care, there was no substantial improvement in the issues which led to their removal from respondent's care and there was no reasonable hope that respondent would be in a position to resume custody of them in the foreseeable future. The children had been with the same foster mother for the entire time of their placement, were all thriving and the foster mother intended to adopt them. According deference to Family Court's factual findings and assessments of witness credibility, we find no basis upon which to disturb its determination that termination of respondent's parental rights was in the children's best interests (*see Matter of Tyler LL. [Deborah KK.]*, 84 AD3d at 1467; *Matter of Nicholas R. [Jason S.]*, 82 AD3d 1526, 1528-1529 [2011]).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.