■ In the Matter of TAILER Q., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELODY Q., Appellant. [927 NYS2d 178]—

Lahtinen, J.

Respondent and Edward Q. (hereinafter the father) are the parents of Tailer Q. (born in 2000). In October 2008, the child was removed from the parental home and a neglect petition was filed after he exhibited a series of ongoing acute and dangerous behavioral problems that placed him and others at risk of harm. The parents admitted their neglect. In February 2010, petitioner commenced this permanent neglect proceeding. The father surrendered his parental rights and, following fact-finding and dispositional hearings, Family Court found the child to be

permanently neglected by respondent and terminated her parental rights. Respondent appeals.

Permanent neglect is established by clear and convincing proof that, first, the agency made the requisite diligent efforts to strengthen and encourage the parent-child relationship and, second, the parent failed either to maintain contact with the child or to appropriately plan for the child's future (*see Matter of Tatianna K. [Claude U.]*, 79 AD3d 1184, 1185 [2010]; *Matter of Gerald BB.*, 51 AD3d 1081, 1083 [2008], *lv denied* 11 NY3d 703 [2008]). Here, evidence of petitioner's efforts to strengthen and encourage the parental relationship included, among other things, that petitioner's caseworkers maintained consistent contact with respondent, provided ongoing services, encouraged and assisted in visitation, scheduled family team meetings, undertook case reassessments with respondent and service providers throughout the relevant time period, and made repeated attempts to have respondent obtain the professional help she needed. Respondent's mental health problems were a significant underlying cause of her neglect, and petitioner made avenues to address these problems available to respondent and encouraged her participation therein. The record supports Family Court's determination that petitioner made diligent efforts to develop and implement a plan to address the deficiencies that had resulted in the removal of the child from the home.

Although respondent maintained contact with the child, Family Court found that petitioner established that respondent failed to plan for the child's future. " '[F]ailure to correct the conditions that led to the removal of the child is interpreted as the failure to plan for the child's future' " (*Matter of Willard L.*, 23 AD3d 964, 965 [2005], *lv denied* 6 NY3d 708 [2006], quoting *Matter of Karina U.*, 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]; *see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]). Family Court set forth in detail in its decision the testimony it found credible that established both that respondent refused to meaningfully participate in mental health treatment necessary to address problems that resulted in the child's removal and, further, that she failed to appreciate the acute mental health needs of her son. The evidence reflected her angrily refusing psychiatric evaluation as well as counseling, followed by a slight moderation in her temperament, but no significant progress addressing her problems, and then a return to a pattern of hostility and refusal to cooperate. With regard to the child, the proof established that he had very serious mental health issues, but respondent blamed others for his condition and acted to undermine his treatment. Accepting Family Court's

credibility determinations, there was sufficient proof establishing that respondent failed to plan for the child's future.

Respondent also argues that Family Court erred in terminating her parental rights rather than granting a suspended judgment. "The disposition following a determination of permanent neglect must be based solely on the best interests of the child, with no presumption that a return to the parent promotes those interests" (*Matter of Raine QQ.*, 51 AD3d 1106, 1106 [2008], *lv denied* 10 NY3d 717 [2008] [citations omitted]). In light of the lack of meaningful progress by respondent despite significant efforts by petitioner, together with the deference we accord Family Court's choice of dispositional alternatives, we are unpersuaded by respondent's argument regarding the disposition (*see id.* at 1106-1107; *Matter of George M.*, 48 AD3d 926, 929 [2008]; *Matter of James X.*, 37 AD3d 1003, 1007 [2007]). Respondent's remaining contention has been considered and found unavailing.

Mercure, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.