■ In the Matter of ANGELINA BB., a Child Alleged to be Permanently Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MIGUEL BB., Appellant. [934 NYS2d 580]—

Spain, J.

In order to establish permanent neglect, the petitioner is required to prove, by clear and convincing evidence, that it made diligent efforts to strengthen and encourage the parent-child relationship and that, despite those efforts, the respondent failed to maintain contact with the child or plan for the child's future for a period of one year or 15 of the most recent 22 months (*see* Family Ct Act § 614 [1] [c], [d]; Social Services Law § 384-b [4] [d]; [7] [a]; *Matter of Tailer Q. [Melody Q.]*, 86 AD3d 673, 674 [2011]; *Matter of Tyler LL. [Deborah KK.]*, 84 AD3d 1465, 1465 [2011]). A review of the record reveals that petitioner has met its burden of establishing that the child was permanently neglected.

Initially, petitioner has demonstrated that it made diligent efforts to strengthen respondent's relationship with his daughter. Respondent is a heroin addict. The child was removed from his care 10 months after her birth and has continually been in foster care since that time. During the relevant time period—15 of the 22 months preceding the petition—caseworkers arranged weekly visitation with respondent and, even after he moved outside of the county, continued to bring the child to him for visitation. Respondent was also given bus tokens to facilitate his attendance at visits and was provided with parenting training and counseling by Carver Community Center through its Foster Care Prevention Program. Despite these accommodations, respondent missed nine visits during the relevant time period and failed to notify petitioner of his impending absence on four of those occasions. Petitioner also facilitated substance abuse treatment for respondent, spoke to providers of the various treatment programs he was enrolled in to establish an appropriate level of care and undertook a service plan review to coordinate the programs and treatment he was receiving so that he could attain certain goals. Under these circumstances, we find that petitioner established by clear and convincing evidence that it made diligent efforts to assist respondent in overcoming the problems that separated him from his child (*see* Social Services Law § 384-b [7] [f]; *Matter of Nicole K. [Melissa K.]*, 85 AD3d 1231, 1232 [2011]; *Matter of Kaiden AA. [John BB.]*, 81 AD3d 1209, 1210 [2011]). .

Petitioner also met its burden of establishing that respondent failed to plan for the future of the child by taking "such steps as may be necessary to provide an adequate, stable home and parental care for the child within a period of time which is reasonable under the financial circumstances available to the parent" (Social Services Law § 384-b [7] [c]; *see Matter of Nicole K. [Melissa K.]*, 85 AD3d at 1232-1233). During the relevant time

period, respondent relapsed into drug use, enrolled in, but failed to complete, several substance abuse treatment programs, and was convicted of possessing and selling a prescription drug. He also refused to discontinue his relationship with a woman who has a drug addiction despite the repeated warnings of several caseworkers about the increased dangers of relapse while dating her and his acknowledgment that she is a bad influence. Tellingly, when advised that his relationship with his girlfriend could negatively impact his efforts at reunification with his daughter, he advised several caseworkers that he would "take his chances." Based on this evidence and according deference to Family Court's credibility determinations, we hold that the court properly found that the child was permanently neglected and terminated respondent's parental rights (*see Matter of Shania D. [Peggy E.]*, 82 AD3d 1513, 1514 [2011]; *Matter of Gerald BB.*, 51 AD3d 1081, 1084-1085 [2008], *lv denied* 11 NY3d 703 [2008]).

We also reject respondent's suggestion that Family Court abused its discretion in denying his application for a suspended judgment. "In rendering a disposition, the overriding concern is the best interests of the child[ ]" (*Matter of Nazelle RR. [Lisa RR.]*, 85 AD3d 1253, 1255 [2011], *lv denied* 17 NY3d 710 [2011]). Here, the child had been in the same foster home for over four years, her mother's parental rights have also been terminated and her foster mother intends to adopt her. Although respondent recently enrolled in new programs where he is having some success fighting his addiction, he has squandered such opportunities in the past and his testimony in this proceeding concerning his intentions to continue his relationship with his girlfriend confirms that he continues to place his own interests above those of his daughter. Accordingly, we discern no abuse of discretion in Family Court's decision to terminate respondent's parental rights rather than issue a suspended judgment (*see Matter of Nazelle RR. [Lisa RR.]*, 85 AD3d at 1255; *Matter of Kayla KK. [Tracy LL.]*, 68 AD3d 1207, 1208-1209 [2009], *lv denied* 14 NY3d 707 [2010]).

Mercure, A.P.J., Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.