In the Matter of JACELYN TT., a Child Alleged to be Permanently Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARLTON TT., Appellant. [937 NYS2d 397]—

Rose, J.

In order to establish permanent neglect, petitioner was required to prove, by clear and convincing evidence, that, although able to do so, respondent failed to plan for the future of the child for a period of one year after the child came into petitioner's custody despite petitioner's diligent efforts to strengthen the parent-child relationship (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Tailer Q. [Melody Q.]*, 86 AD3d 673, 674 [2011]). Respondent's contention that he was not offered any services or provided with any guidance as to how to accomplish the return of the child is belied by the record. Although respondent continued to reside in North Carolina until after the petition was filed, petitioner's caseworker had continuing contact with him by telephone and letters. She kept respondent informed about the child's progress in school and counseling, scheduled a weekly time for respondent to call the child, offered assistance for traveling to Clinton County, scheduled visitations when respondent was present in Clinton County and repeatedly advised respondent as to the steps he should be taking to be able to have the child returned to his custody. The caseworker recommended that respondent engage in mental health and substance abuse evaluations, parenting classes and domestic violence services, provided him with information about available services in North Carolina and encouraged him to move to Clinton County in order to develop a relationship with the child. She also followed through with family members that respondent suggested could assist him in taking care of the child in order to determine their willingness to do so. Given the continuing assistance offered to respondent in the form of visitation, progress reports and advice on how to resolve the problems preventing return of the child, there is ample support for Family Court's determination that petitioner made diligent efforts to strengthen and encourage the parent-child relationship (*see* Social Services Law § 384-b [7] [f]; *Matter of Nazelle RR. [Lisa RR.]*, 85 AD3d 1253, 1254 [2011], *lv denied* 17 NY3d 710 [2011]; *Matter of Tyler LL. [Deborah KK.]*, 84 AD3d 1465, 1466 [2011]).

The record also contains clear and convincing evidence sup-

porting Family Court's conclusion that, despite the diligent efforts of petitioner, respondent failed to develop a realistic plan for the child's future (*see* Social Services Law § 384-b [7] [a], [c]; *Matter of Nicole K. [Melissa K.]*, 85 AD3d 1231, 1232-1233 [2011]; *Matter of Ja'Heem W. [Beronica W.]*, 80 AD3d 917, 918 [2011]). Petitioner established that respondent routinely failed to participate in the weekly phone call with the child, missed meetings with the caseworker, did not take advantage of any of the services offered or recommended by petitioner and only visited the child when he was in Clinton County for court appearances. Those visitations were brief, with respondent failing to acknowledge or interact with the child and often leaving for no apparent reason. The evidence reflects that respondent, who had not been employed full time since 1989, had little or no understanding of the child's development or needs. Although respondent claimed that his family could assist him, the evidence established that none of the relatives suggested were willing to take on the responsibility of custody of the child. Nor is counsel's speculation that respondent may have been illiterate supported by the record and, in any event, "the extreme inadequacy of [a parent's] efforts at maintaining contact with [his or her] child [is not] mitigated [by a parent's] illiteracy" (*Matter of Erica C.*, 257 AD2d 445, 446 [1999]). Respondent makes no argument with respect to the disposition, and his appeal from the December 2010 permanency order has been rendered moot by the permanent neglect adjudication (*see Matter of Kim OO. v Broome County Dept. of Social Servs.*, 44 AD3d 1164, 1165 [2007]; *Matter of Natasha F.*, 15 AD3d 788, 789 [2005]).

Peters, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the appeal from the order entered December 10, 2010 is dismissed, as moot, without costs.

Ordered that the orders entered March 4, 2011 are affirmed, without costs.