■ In the Matter SUMMER G., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY F., Appellant. (Proceeding No. 1.) In the Matter of TIMOTHY G., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY F., Appellant. (Proceeding No. 2.) In the Matter of SUMMER G., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY G., Appellant. (Proceeding No. 3.) In the Matter of TIMOTHY G., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY G., Appellant. (Proceeding No. 4.) In the Matter of JASMINE F., a Child Alleged to be Permanently Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY G., Appellant. (Proceeding No. 5.) [939 NYS2d 663]—

Spain, J. Appeals from five orders of the Family Court of Ulster County (Meddaugh, J.), entered January 28, 2011, which granted petitioner's applications, in five proceedings pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondents' parental rights.

Respondents are the unmarried parents of two children, Summer G. (born in 2007) and Timothy G. (born in 2004). Respondent Jeffrey G. is also the father of a second daughter, Jasmine F. (born in 2001). Jasmine's mother, a sister of respondent Amy F., had previously surrendered her parental rights and Amy F. has since acted as Jasmine's mother; in 2007, Amy F. admitted in Family Court that she is a person legally responsible for

Jasmine's care. Based on respondents' history of substance abuse and domestic violence, the children were removed from Jeffrey G.'s custody in 2006 and Amy F.'s custody in 2007, and have continually been in petitioner's care since that time. Petitioner commenced these proceedings pursuant to Social Services Law § 384-b in September 2008 seeking to establish that the children were permanently neglected. Following this Court's reversal of orders of Family Court (McGinty, J.), among other things, adjudicating the children to be permanently neglected (*Matter of Jasmine F. [Jeffrey G.]*, 74 AD3d 1396 [2010]), Family Court (Meddaugh, J.), after a full hearing, granted the petitions to adjudicate the children to be permanently neglected, and terminated respondents' parental rights. Respondents now again appeal, and we affirm.

In seeking termination of respondents' parental rights on the basis of permanent neglect, "petitioner was required to prove, by clear and convincing evidence, that it made diligent efforts to strengthen and encourage the parent-child relationship and that, despite those efforts, respondent[s] failed to maintain contact with the child[ren] or plan for the child[ren]'s future" for a period of at least one year or 15 of the most recent 22 months since the children were placed in petitioner's custody (*Matter of Tyler LL. [Deborah KK.]*, 84 AD3d 1465, 1465 [2011]; *see* Family Ct Act § 614 [1]; Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). Such diligent efforts include, among other things, "creating a service plan that offers appropriate services to the parents to resolve the problems preventing return of the child[ren], making suitable arrangements for visitation and advising the parent[s] of the child[ren]'s progress and development" (*Matter of Tatianna K. [Claude U.]*, 79 AD3d 1184, 1185 [2010]; *see* Social Services Law § 384-b [7] [f]).

In our view, petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen respondents' relationship with the children. Respondents were assigned a caseworker who arranged regular visitation between respondents and the children during the relevant time period and provided respondents with letters updating them on the children's progress and detailing their rights, responsibilities, and the conditions and mandates set forth in various court orders. The caseworker provided transportation for the children to visit Jeffrey G. while he was in various substance abuse programs and, at his request, facilitated weekly telephone calls between Jeffrey G. and the children while he was incarcerated. Because Summer was born prematurely and tested positive for

cocaine and opiates at birth and therefore required continuing medical attention, petitioner also provided transportation for Jeffrey G.—when he was free—to and from Summer's hospitalization and follow-up appointments. In addition, petitioner arranged for a public health nurse to counsel Amy F. with regard to Summer's special needs as well as visitation for Amy F. at Summer's foster home so that she could observe Summer's medical treatment. Petitioner helped arrange substance abuse treatment for respondents and provided transportation to and from case conferences, their treatment, court appearances and scheduled visitation as needed. The caseworker also counseled respondents as to the importance of maintaining sobriety, and facilitated Amy F.'s return to treatment after she voluntarily left an inpatient program. Accordingly, petitioner established by clear and convincing evidence that it made diligent efforts to foster respondents' relationship with the children and to assist respondents in resolving the problems separating them from their children (*see Matter of Nicole K. [Melissa K.]*, 85 AD3d 1231, 1232 [2011]; *Matter of Tyler LL. [Deborah KK.]*, 84 AD3d at 1466; *Matter of Laelani B.*, 59 AD3d 880, 881 [2009]).

We reject respondents' assertion that petitioner's efforts were inadequate in that petitioner failed to ensure their continued access to treatment. Respondents' unwillingness to cooperate with the services facilitated by petitioner does not negate petitioner's showing of diligent efforts (*see Matter of Destiny CC.*, 40 AD3d 1167, 1168-1169 [2007]; *Matter of James X.*, 37 AD3d 1003, 1006 [2007]). Despite respondents' continued contact with the children, petitioner demonstrated that, during the relevant time period, respondents enrolled in, but failed to complete, domestic violence counseling and several substance abuse treatment programs. Moreover, respondents admitted to relapsing multiple times and continuing their relationship despite their history of domestic violence and various treatment recommendations to remain apart. Family Court properly found that, despite the efforts of petitioner, respondents failed to adequately plan for the children's future inasmuch as they " 'fail[ed] to correct the conditions that led to the removal of the child[ren]' " (*Matter of Willard L.*, 23 AD3d 964, 965 [2005], *lv denied* 6 NY3d 708 [2006], quoting *Matter of Karina U.*, 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]; *accord Matter of Tailer Q. [Melody Q.]*, 86 AD3d 673, 674 [2011]). According deference to Family Court's credibility determinations (*see Matter of Kaiden AA. [John BB.]*, 81 AD3d 1209, 1211 [2011]), the record fully supports Family Court's conclusion that respondents permanently neglected their children by failing to adequately plan for their future (*see Matter of Angelina*

*BB. [Miguel BB.]*, 90 AD3d 1196, 1197-1198 [2011]; *Matter of Sierra C. [Deborah D.]*, 74 AD3d 1445, 1447 [2010]; *Matter of Anastasia FF.*, 66 AD3d 1185, 1186 [2009], *lv denied* 13 NY3d 716 [2010]; *Matter of Destiny CC.*, 40 AD3d at 1169).

Finally, we find no reason to disturb Family Court's dispositional order. Evidence at the hearing amply supports the conclusion that respondents, on a continuing basis, failed to engage in the services and programs necessary to overcome the longstanding substance abuse and behaviorial problems that led to the removal of the children in the first place. The record also supports the court's determination that termination of respondents' parental rights, and freeing the children for adoption, are in the best interests of the children (*see Matter of Keegan JJ. [Amanda JJ.]*, 72 AD3d 1159, 1162 [2010]; *Matter of Nevaeh SS. [Valerie L.]*, 68 AD3d 1188, 1190 [2009]; *Matter of Laelani B.*, 59 AD3d at 882; *Matter of Willard L.*, 23 AD3d at 966).

Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.