■ In the Matter of HAVYN PP., a Child Alleged to be Permanently Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MORIANNA RR., Appellant. [943 NYS2d 243]—

Peters, P.J. Appeal from two orders of the Family Court of Clinton County (Lawliss, J.), entered April 27, 2011 and May 20, 2011, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Havyn PP. to be a permanently neglected child, and terminated respondent's parental rights.

In July 2009, petitioner removed Havyn PP. (born in 2008) from respondent's care on an emergency basis as a result of her longstanding history of substance abuse and after discovering that she had continuously exposed the child to drug use. Thereafter, upon respondent's admissions, Family Court determined that the child was neglected, placed her in foster care and ordered that respondent, among other things, refrain from the use of illegal drugs and participate in substance abuse treatment. After Havyn had been in petitioner's custody for more than one year, petitioner commenced this permanent neglect proceeding. Following fact-finding and dispositional hearings, Family Court adjudicated the child to be permanently neglected and terminated respondent's parental rights. Respondent appeals.

To establish permanent neglect, petitioner must prove by clear and convincing evidence that it made diligent efforts to strengthen and encourage the parent-child relationship and that, despite such efforts, the parent failed to maintain contact with the child or to appropriately plan for the child's future for a period of one year or 15 of the most recent 22 months since the child was placed in the agency's custody, although physically and financially able to do so (see Social Services Law § 384-b [7] [a]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Summer G. [Amy F.], 93 AD3d 959, 960 [2012]). Here, the evidence showed that petitioner consistently and repeatedly offered respondent a variety of services aimed at addressing the very problems that led to the child's removal, namely, her addiction to illegal drugs. Immediately upon Havyn's removal, petitioner arranged for an emergency substance abuse evaluation and transportation to an inpatient substance abuse treatment facility. Following respondent's completion of the inpatient program, and during the periods of time when respondent's whereabouts were known, petitioner's caseworkers provided referrals for numerous services and treatment programs, arranged for drug testing, provided a device for alcohol monitoring, repeatedly encouraged her to participate in drug treatment court, and provided consistent counseling concerning her

substance abuse problems and the need to remain in treatment. Petitioner also assisted respondent in obtaining emergency housing on multiple occasions and provided financial support, including Medicaid costs to cover treatment, tokens for transportation and a cell phone with prepaid minutes. In addition, petitioner consistently reviewed respondent's service plan and, even during periods of incarceration, arranged for visitation with Havyn and provided respondent with regular updates on her progress and development. Contrary to respondent's contention, petitioner was not required to provide rehabilitative services during her periods of incarceration (*see* Social Services Law § 384-b [7] [f] [3]; *Matter of Kaiden AA. [John BB.],* 81 AD3d 1209, 1210 [2011]; *Matter of Amanda C.,* 281 AD2d 714, 716 [2001], *lv denied* 96 NY2d 714 [2001]). This evidence of petitioner's "affirmative, repeated and meaningful efforts to restore the parent-child relationship" satisfied its diligent efforts obligation (*Matter of Alycia P.,* 24 AD3d 1119, 1120 [2005]; *see Matter of Victorious LL. [Jonathan LL.],* 81 AD3d 1088, 1090 [2011], *lv denied* 16 NY3d 714 [2011]; *Matter of Laelani B.,* 59 AD3d 880, 881 [2009]).

Petitioner also proved by clear and convincing evidence that, despite its efforts, respondent failed to plan for the child's future. Although respondent successfully completed an inpatient substance abuse program immediately following her daughter's removal, within a month of her discharge she relapsed and resumed using heroin, crack cocaine and marihuana, as well as abusing prescription medication. Respondent appeared at supervised visits with Havyn exhibiting signs that she was under the influence of drugs, including slurred speech, glazed eyes and erratic and bizarre behavior that caused the child to become upset. In addition, respondent repeatedly refused to participate in drug treatment court. Notwithstanding petitioner's continuing efforts to facilitate treatment, respondent missed substance abuse treatment sessions and scheduled drug tests and, in November 2009, left a treatment facility and was unable to be located by petitioner for more than two months, during which time she was admittedly getting "high" on a daily basis. Ultimately arrested on a warrant, respondent even used opiates while incarcerated. Following her release, respondent again attended and was unsuccessfully discharged from an inpatient substance abuse treatment. She then resumed her daily drug use, while again failing to inform petitioner of her whereabouts for nearly two months until she was arrested on a warrant and reincarcerated. Given respondent's failure to benefit from the extensive services offered to her and to correct the conditions that led to the child's removal, the record fully supports Family

Court's conclusion that respondent permanently neglected Havyn by failing to adequately plan for her future (*see Matter of Summer G. [Amy F.]*, 93 AD3d at 961-962; *Matter of Angelina BB. [Miguel BB.]*, 90 AD3d 1196, 1197-1198 [2011]; *Matter of Sierra C. [Deborah D.]*, 74 AD3d 1445, 1447 [2010]).

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs.