McCarthy, J.
Respondent is the mother of the subject children (born in 1997 and 2001), who were removed from her custody in August 2009 based on allegations that she was not properly caring for them and was exhibiting signs of mental illness. Shortly thereafter, respondent consented to a finding of neglect and was ordered to, among other things, engage in mental health treatment. Respondent failed to do so, and petitioner commenced this proceeding pursuant to Social Services Law § 384-b in October 2010 seeking to terminate respondent’s parental rights. Following fact-finding and dispositional hearings, Supreme Court granted the petition, adjudicated the children to be permanently neglected and terminated respondent’s parental rights, prompting these appeals.
We affirm. To establish permanent neglect, “petitioner was required to prove, by clear and convincing evidence, that it made diligent efforts to strengthen and encourage the parent- *870 child relationship and that, despite those efforts, respondent failed to maintain contact with the child[ren] or plan for the child[ren]’s future” for a period of at least one year or 15 of the most recent 22 months since the children were placed in petitioner’s custody (Matter of Tyler LL. [Deborah KK.], 84 AD3d 1465, 1465 [2011]; see Family Ct Act § 614 [1]; Social Services Law § 384-b [7] [a]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). Diligent efforts include, among other things, “creating a service plan that offers appropriate services to the parent [ ] to resolve the problems preventing return of the child, making suitable arrangements for visitation and advising the parent of the child’s progress and development” (Matter of Tatianna K. [Claude U.], 79 AD3d 1184, 1185 [2010]; see Social Services Law § 384-b [7] [f]).
Petitioner established by clear and convincing evidence that it made diligent efforts to strengthen and encourage respondent’s relationship with the children. Respondent was assigned a caseworker who referred her to mental health counseling and parenting classes, provided the children with access to a therapist and arranged visitation between respondent and the children. Despite the children’s strong desire to avoid contact with respondent and their frequent refusal to participate in visitation, the caseworker continuously urged them to engage in brief telephone conversations with respondent and to write letters to respondent describing their feelings toward her. The caseworker maintained regular contact with respondent, counseled her regarding appropriate topics of conversation and how to communicate with the children and held numerous family team meetings and service plan reviews. We therefore find that petitioner demonstrated by clear and convincing evidence that it made diligent efforts to assist respondent in resolving the issues which led to the children’s removal in order to reunite the family (see Matter of Angelina BB. [Miguel BB.], 90 AD3d 1196, 1198 [2011]; Matter of Nazelle RR. [Lisa RR.], 85 AD3d 1253, 1254 [2011], lv denied 17 NY3d 710 [2011]; Matter of Laelani B., 59 AD3d 880, 881 [2009]).
We reject respondent’s assertion that petitioner’s efforts at providing her with mental health counseling were untimely. Despite petitioner providing timely referrals, respondent was twice turned away from mental health services because she denied having a mental illness and felt that she did not need counseling. According deference to Supreme Court’s credibility determinations (see Matter of Jyashia RR. [John VV.], 92 AD3d 982, 984 [2012]), any delay in obtaining counseling was due primarily to respondent’s unwillingness to fully cooperate with the *871 services facilitated by petitioner, which does not negate petitioner’s showing of diligent efforts (see Matter of Destiny CC., 40 AD3d 1167, 1168-1169 [2007]; Matter of James X., 37 AD3d 1003, 1006 [2007]; Matter of Thomas JJ., 20 AD3d 708, 710-711 [2005]).
The record also supports Supreme Court’s finding that respondent failed to adequately plan for the children’s future (see Matter of Jocelyn TT. [Carlton TT.], 91 AD3d 1059, 1061 [2012]). Respondent denied any mental health issues and, even at trial, did not understand why the children were afraid of her. She asserted that the children were loved and well taken care of, despite their claims that her behavior was unpredictable and that she had hit them, locked them in their bedrooms and withheld food. She alleged that the foster parents had “brainwashed” the children, and blamed her lack of progress on petitioner’s refusal to allow therapeutic visitation. However, the children’s therapist advised respondent that she had to engage in her own therapy before she could attempt therapy with the children. Still, respondent denied the need for counseling and refused to acknowledge the children’s feelings or the role she played in their removal. Accordingly, Supreme Court properly determined that respondent did not substantially plan for the children’s future, as she failed to “ ‘take meaningful steps toward alleviating the conditions that led to the children’s removal from their home’ in the first instance” (Matter of Alaina E., 59 AD3d 882, 885 [2009], lv denied 12 NY3d 710 [2009], quoting Matter of Lisa Z., 278 AD2d 674, 677 [2000]; see Matter of Nicole K. [Melissa K.], 85 AD 3d 1231, 1232-1233 [2011]; Matter of Eric G., 59 AD3d 785, 787 [2009]; Matter of James X., 37 AD3d at 1006-1007).
Finally, Supreme Court did not abuse its discretion in denying respondent’s application for a suspended judgment. Respondent continuously failed to address her longstanding mental health issues, failed to appreciate the children’s feelings toward her and blamed others for her situation. Although she was engaged in counseling by the time of the dispositional hearing, respondent did not take advantage of such opportunities in the past. In addition, both prior to and after visiting with respondent, the children exhibited signs of distress, including hysterically crying, not sleeping, encopresis and bed wetting, and have been diagnosed as suffering from posttraumatic stress disorder. However, they are thriving in foster care and have bonded with their foster parents, who intend to adopt them. Thus, we find no reason to disturb Supreme Court’s finding that termination of respondent’s parental rights was in the best interests of the children (see Matter of Angelina BB. [Miguel BB.], 90 AD3d at *872 1198; Matter of Tailer Q. [Melody Q.], 86 AD3d 673, 675 [2011]; Matter of Maelee N., 48 AD3d 929, 930-931 [2008], lv denied 10 NY3d 709 [2008]).
Mercure, J.E, Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.