Rose, J.
Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered June 10, 2013, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent’s parental rights.
Respondent’s four children, including the child that is the subject of this proceeding (born in 2008), were removed from her care in 2009 after she injured two of them when she drove her vehicle while intoxicated. The subject child was six months old at the time, and he has now been in the care of the same foster parent for over 5V2 years. Petitioner commenced this proceeding in March 2011 alleging that respondent had permanently neglected the child. After a hearing at which respondent did not testify, Family Court granted the petition. Following the dispositional hearing, Family Court concluded that termination of respondent’s parental rights was in the child’s best interests. Respondent appeals.
We affirm. Petitioner established that it met the threshold requirement of making diligent efforts to strengthen the parent-child relationship with clear and convincing proof that it referred respondent to appropriate services to address her alcohol and mental health issues, provided transportation to such services, arranged visitation with the child, provided transportation and supervision for such visitation and kept respondent informed of the child’s progress and the issues she needed to address through letters and meetings (see Matter of Samuel DD. [Margaret DD.], 123 AD3d 1159, 1161-1162 [2014], lv denied 24 NY3d 918 [2015]; Matter of Havyn PP. [Morianna RR.], 94 AD3d 1359, 1360-1361 [2012]; Matter of Laelani B., 59 AD3d 880, 881 [2009]).
Petitioner also established by clear and convincing evidence that, despite its efforts, respondent failed to substantially plan for the child’s future (see Social Services Law § 384-b [7] [a]). Specifically, respondent missed approximately half of the scheduled visitations with the child from 2009 to 2011, missed half of the scheduled service plan reviews, failed or avoided multiple alcohol screens, failed to engage in substance abuse or mental health treatment and repeatedly contacted petitioner’s caseworkers while she was intoxicated. Moreover, respondent’s failure to testify at the fact-finding hearing permitted Family Court to draw the strongest possible inferences against her (see *1116 Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Arianna BB. [Tracy DD.], 110 AD3d 1194, 1197 [2013], lvs denied 22 NY3d 858 [2014]). Given respondent’s failure to address the barriers preventing reunification, the record supports Family Court’s conclusion that she permanently neglected the child (see Matter of Havyn PP. [Morianna RR.], 94 AD3d at 1361-1362; Matter of Syles DD. [Felicia DD.], 91 AD3d 1054, 1055-1056 [2012], lv denied 18 NY3d 810 [2012]; Matter of Angelina BB. [Miguel BB.], 90 AD3d 1196, 1197-1198 [2011]).
Finally, we are not persuaded that Family Court abused its discretion in failing to grant a suspended judgment. The sole consideration in a determination to terminate parental rights is the best interests of the child (see Matter of Johanna M. [John L.], 103 AD3d 949, 951 [2013], lv denied 21 NY3d 855 [2013]; Matter of Angelina BB. [Miguel BB.], 90 AD3d at 1198; Matter of Angelica VV., 53 AD3d 732, 733 [2008]). While respondent had engaged in mental health and alcohol treatment by the time of the dispositional hearing in 2012, she nevertheless downplayed the role that alcohol had played in the removal of her children and she had a history of relapsing. Petitioner presented evidence from a psychologist who had evaluated respondent’s children and opined that it would not be in the child’s best interests to be removed from the foster home where he had lived most of his life because he was thriving there and had formed a bond with the foster mother. The psychologist testified that it would be “destructive” and “grossly inappropriate” to remove the child from his safe, secure environment, especially given the myriad behavioral problems exhibited by the child’s older siblings who had previously been returned to respondent’s care upon consent. The foster mother also testified that the child has a close relationship with her biological daughter, he has become part of her family and she is willing to adopt him. Under these circumstances, there is a sound and substantial basis in the record supporting Family Court’s conclusion that the child’s best interests were served by termination of parental rights (see Matter of Aniya L. [Samantha L.], 124 AD3d 1001, 1006 [2015]; Matter of Angelina BB. [Miguel BB.], 90 AD3d at 1198; Matter of Juliette JJ. [Parris JJ.], 81 AD3d 1112, 1115 [2011]).
Peters, P.J., Egan Jr. and Lynch, JJ., concur. Ordered that the order is affirmed, without costs.